# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2021

Lyle W. Cayce
Clerk

No. 20-50650

Ms. Karen M. Ledford,

*Plaintiff—Appellant*,

*versus*

Donna Keen; Joe D. Suttle; Katrina Suttle; Wesley Suttle,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-616

Before Jolly, Duncan, and Oldham, *Circuit Judges*.
Stuart Kyle Duncan, *Circuit Judge*:

Karen Ledford was run over by a barrel-racing horse at a Texas rodeo. She timely sued Kosse Roping Club, the rodeo operator, for negligence. Ten months later, outside of the applicable limitations period, she added the club's directors. The district court dismissed her claims against the directors as untimely. On appeal, Ledford argues she was entitled to pierce the club's corporate veil and sue the directors personally. Therefore, she claims, her timely suit against the club stopped the clock running against the directors. We need not pass on the validity of this tolling theory because we decide that,

under Texas law, Ledford could not pierce the club's corporate veil based solely on evidence that the club was undercapitalized. We therefore affirm the district court's judgment dismissing Ledford's claims against the directors as untimely.

## I.

On June 9, 2017, Ledford was walking around a barrel-racing arena at a rodeo in Kosse, Texas, when a horse and rider galloped out of a chute and hit her. Ledford was badly hurt. On December 19, 2018, she sued Kenda Eckols (the owner of the rodeo land), Kosse Roping Club ("KRC") and Johnny Hoyle d/b/a Cadillac Rodeo Company (the rodeo's operators), and Lacy Aubihl (the rider), for negligence. She also brought premises liability and gross negligence claims against Eckols, KRC, and Hoyle.

Before filing her complaint, between November 2017 and April 2018, Ledford had learned several facts about KRC relevant to this appeal: KRC is a Texas non-profit corporation, and its directors are Joe Suttle, Wesley Suttle, Katrina Suttle, and Donna Keen (the "Directors"); KRC did not carry liability or other insurance at the time of Ledford's injury; and KRC's assets amounted to about $8,000. After suit was filed, Ledford learned during discovery that KRC historically maintained a checking balance of about $7,000 or less.

On October 25, 2019, Ledford filed an amended complaint adding the Directors as defendants and alleging the following: The Directors had "consistently kept [KRC] under-capitalized and uninsured to an unreasonable degree" and had "failed to maintain other corporate formalities." As a result, KRC would be unable to satisfy any judgment for Ledford. KRC represented "an attempted sham" by the Directors to "perpetrate a fraud" on Ledford and similarly situated plaintiffs, entitling Ledford to pierce the corporate veil and hold them individually liable. The

amended complaint brought negligence, premises liability, and gross negligence claims against the previously named defendants plus the Directors, and added an "action to pierce the corporate veil" against the Directors alone. It also "affirmatively plead[ed] equitable tolling" of the limitations period for Ledford's claims against the Directors.

The Directors filed two substantially similar summary judgment motions, arguing (a) Ledford's claims were time barred, (b) Ledford was not entitled to equitable tolling, and (c) Ledford could not pierce KRC's corporate veil. The district court granted both motions, agreeing with the Directors' timeliness, tolling, and piercing arguments.[1] The court then severed Ledford's claims against the Directors and entered final judgment. Ledford appealed.

## II.

We review a summary judgment *de novo. Patel v. Tex. Tech Univ.*, 941 F.3d 743, 747 (5th Cir. 2019). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We view the evidence in the light most favorable to the non-movant, "drawing all justifiable inferences in the non-movant's favor." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (cleaned up). "We also review *de novo* the district court's interpretation of state law and give no deference to its determinations of state law issues." *Tradewinds Env't*

---

[1] The court also rejected Ledford's arguments that she was entitled to "deferment of the statute of limitation[s] per the Discovery Rule" and that she lacked legal capacity to file suit until at least September 2017. Ledford does not challenge either of those rulings on appeal.

*Restoration, Inc. v. St. Tammany Park, L.L.C.*, 578 F.3d 255, 258 (5th Cir. 2009).

## III.

This is the logic of Ledford's argument: (1) her timely suit against KRC, (2) stopped limitations running against the Directors, (3) because she can pierce KRC's corporate veil. We need not pass on the validity of this tolling theory because, as explained below, Ledford is not entitled to pierce KRC's corporate veil.

## A.

Some preliminary matters first. The district court correctly concluded Ledford's claims were subject to Texas's two-year limit for personal injury actions. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a).[2] Under the "legal injury rule," the clock started when Ledford was hurt on June 9, 2017. *See Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018) (per curiam). Ledford sued KRC within two years, but she did not add the Directors until October 25, 2019, over four months late. So, her claims against the Directors are untimely unless some basis for tolling applies. *See, e.g.*, *Snyder v. Eanes Indep. Sch. Dist.*, 860 S.W.2d 692, 699–700 (Tex. App.—Austin 1993, writ denied) (negligence claim barred where plaintiff added defendants outside two-year period and discovery rule did not apply).

As a basis for tolling, Ledford invokes veil-piercing. She argues the Directors operated KRC as a sham, and so by suing KRC she effectively sued the Directors and stopped the clock against them. The district court ruled Ledford had waived this argument, however. Thinking Ledford was

---

[2] "When sitting in diversity, we apply the state's statutes of limitation and accompanying tolling rules." *Bloom v. Aftermath Pub. Adjusters, Inc.*, 902 F.3d 516, 517 (5th Cir. 2018).

No. 20-50650

advancing an alter-ego theory, the court ruled Ledford had failed to raise it in her amended complaint. This was error. Ledford pled enough facts to allege a "sham to perpetrate a fraud," a valid basis for veil-piercing under Texas law. *See Castleberry v. Branscum*, 721 S.W.2d 270, 272 & n.2 (Tex. 1986) (explaining a distinct basis for veil piercing is "when the [corporate] fiction is used as a means of perpetrating fraud" or as "a sham to perpetrate a fraud") (citations omitted); *Gentry v. Credit Plan Corp.*, 528 S.W.2d 571, 575 (Tex. 1975) (tolling limitations to prevent use of corporate entity "as a cloak for fraud or illegality or to work an injustice"). Moreover, Ledford pled an "action to pierce [KRC's] corporate veil" and claimed equitable tolling because she timely sued KRC.[3] Thus, the district court was mistaken that Ledford waived this basis for tolling.[4]

The court did, however, go on to reject Ledford's veil-piercing theory on its merits, and the Directors urge this as an alternative ground for affirming. We therefore consider whether Ledford can pierce KRC's corporate veil.

**B.**

Texas law permits courts to "disregard the corporate fiction . . . when the corporate form has been used as part of a basically unfair device to achieve an inequitable result." *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275

---

[3] *See Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 443 (5th Cir. 2013) ("Under Texas law, 'an assertion of veil piercing or corporate disregard does not create a substantive cause of action [;] . . . such theories are purely remedial and serve to expand the scope of potential sources of relief by extending to individual shareholders or other business entities what is otherwise only a corporate liability.'" (citation omitted)).

[4] *Cf. Smith v. McKinney*, 792 S.W.2d 740, 742 (Tex. App.—Houston [14th Dist.] 1990, writ denied) ("A matter in avoidance of the statute of limitations that is not raised affirmatively in the pleadings will, therefore, be deemed waived." (quoting *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988))).

No. 20-50650

S.W.3d 444, 454 (Tex. 2008) (quoting *Castleberry*, 721 S.W.2d at 271–72); *see also Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 443–44 (5th Cir. 2013). This veil-piercing doctrine applies in various scenarios, including "when the [corporate] fiction is used as a means of perpetrating fraud." *SSP Partners*, 275 S.W.3d at 454 (quoting *Castleberry*, 721 S.W.2d at 271–72). Only "constructive fraud" is required, meaning "the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests." *Spring Street Partners*, 730 F.3d at 443 (quoting *Castleberry*, 720 S.W.2d at 273). "[N]either fraud nor an intent to defraud need be shown," but only that "recognizing the separate corporate existence would bring about an inequitable result." *Ibid.* (quoting *Castleberry*, 720 S.W.2d at 272–73).[5] As noted, Ledford's tolling argument relies on this theory. But the district court found veil piercing was unavailable because Ledford's evidence consisted of nothing more than KRC's "lack of insurance and undercapitalization." Ledford contests this conclusion on appeal.[6]

---

[5] The Texas legislature partly overruled the seminal veil-piercing decision in *Castleberry* by amending the Texas Business Corporation Act in 1989—for instance, by precluding shareholder liability for contractual obligations absent actual fraud. *See* Tex. Bus. Orgs. Code § 21.223(a)(2), (b); *see also W. Horizontal Drilling, Inc. v. Jonnet Energy Corp.*, 11 F.3d 65, 68 & n.4 (5th Cir. 1994) (noting this). But those amendments are not relevant here because they "left untouched" the "constructive fraud" standard for tort claims. *Farr v. Sun World Sav. Ass'n*, 810 S.W.2d 294, 296 (Tex. App.—El Paso 1991, no writ); *see also TecLogistics, Inc. v. Dresser-Rand Grp.*, 527 S.W.3d 589, 597 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

[6] The Directors argue that the cases on which Ledford relies to support her tolling theory were alter ego cases and should be limited to that context. *See Gentry*, 528 S.W.2d at 572 n.1, 575 (holding parent company's use of a subsidiary as its alter ego meant "the filing of suit against [the subsidiary] stopped the running of the statute [of limitations] in favor of [the parent]"); *Matthews Constr. Co. v. Rosen*, 796 S.W.2d 692, 692–94 (Tex. 1990) (similar). We need not address that argument because, as explained below, Ledford's sham-to-perpetrate-a-fraud theory fails in any event.

No. 20-50650

We begin by assessing Texas law on this point. The Texas Supreme Court has not directly answered whether undercapitalization alone justifies veil-piercing under a sham-to-perpetrate-a-fraud theory. So, we must make an "*Erie* guess" about how it would answer the question. *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015). "Typically, we treat state intermediate courts' decisions as the strongest indicator of what a state supreme court would do, absent a compelling reason to believe that the state supreme court would reject the lower courts' reasoning." *Hux v. S. Methodist Univ.*, 819 F.3d 776, 780–81 (5th Cir. 2016) (citation omitted).

In light of those decisions, we think the Texas Supreme Court would not conclude that undercapitalization alone justifies piercing the corporate veil. A significant datum is *Ramirez v. Hariri*, which rejected the argument that "undercapitalization, by itself and without reference to any other factors, is sufficient to justify piercing the corporate veil." 165 S.W.3d 912, 916 (Tex. App.—Dallas 2005, no pet.). While noting the landmark *Castleberry* opinion stated in a footnote that "[i]nadequate capitalization is another basis for disregarding the corporate fiction," *ibid.* (quoting *Castleberry*, 721 S.W.2d at 272 n.3), *Ramirez* reasoned the Texas Supreme Court could not have meant to convey that undercapitalization was itself a *sufficient* basis for veil piercing. *Id.* at 917. The *Castleberry* footnote, the court pointed out, cited two decisions denying that very proposition. *Id.* at 916–17.[7]

*Ramirez*'s holding meshes with decisions by other Texas intermediate courts. *See Durham v. Accardi*, 587 S.W.3d 179, 186 (Tex. App.—Houston

---

[7] Those decisions were *Torregrossa v. Szelc*, 603 S.W.2d 803 (Tex. 1980), and *Tigrett v. Pointer*, 580 S.W.2d 375 (Tex. App.—Dallas 1978, writ ref'd n. r. e.). *Tigrett* held that "grossly inadequate" capitalization, "standing alone, would [not] justify piercing the corporate veil." 580 S.W.2d at 383, 387. *Torregrossa*, in turn, rejected a district court's reading of *Tigrett* to support an alter ego holding based on undercapitalization alone. 603 S.W.2d at 804–05.

[14th Dist.] 2019, no pet.) (holding undercapitalization alone is "insufficient to establish alter ego"); *Endsley Elec., Inc. v. Altech, Inc.*, 378 S.W.3d 15, 26 (Tex. App.—Texarkana 2012, no pet.) (noting "undercapitalization can be a factor in determining whether an individual is the alter ego of the corporation, but alone is insufficient"); *Tigrett*, 580 S.W.2d at 386–87 (same); *see also Morgan v. D&S Mobile Home Ctr., Inc.*, No. 07-13-00263-CV, 2014 WL 3809751, at *2 (Tex. App.—Amarillo Aug. 1, 2014, no pet.) (memo op.) (inadequate capitalization is "one factor" in assessing veil-piercing but "[i]t alone does not entitle a complaint to such relief"); *Shaw v. Maddox Metal Works, Inc.*, 73 S.W.3d 472, 481 (Tex. App.—Dallas 2002, no pet.) ("[U]ndercapitalization is a factor to be considered in determining whether a corporation is operated as an alter ego."); *Assocs. Dev. Corp. v. Air Control Prods., Inc.*, 392 S.W.2d 542, 545–46 (Tex. App.—Austin 1965, writ ref'd n.r.e.) (evidence of undercapitalization had "weight" but did not "tilt the scales far enough to overcome the lack of evidence" corporation was "sham or [an] alter ego"); *see also* 15 Tex. Jur. 3d *Corporations* § 162 (2021) (stating inadequate capitalization is "not sufficient to pierce the corporate veil" but "only one factor to be considered").[8] We are therefore persuaded that, under Texas law, undercapitalization alone would not be sufficient to pierce the corporate veil.[9]

---

[8] *Cf. Howell v. Hilton Hotels Corp.*, 84 S.W.3d 708, 715 (Tex. App.—Houston [1st Dist.] 2002, pet. denied (op. on reh'g)) (upholding summary judgment for defendant where plaintiffs failed to produce any evidence of undercapitalization but suggesting this could be a sufficient basis for veil piercing).

[9] Two of our decisions, discussing *Castleberry*, remark that the sham-to-perpetrate-a-fraud theory "includes the concept of inadequate capitalization as a basis for corporate disregard." *Pan E. Exploration Co. v. Hufo Oils*, 855 F.2d 1106, 1133 (5th Cir. 1988), *superseded on other grounds by* Tex. Bus. Corp. Act art. 21.223(a)(3); *see Gibraltar Sav. v. LDBrinkman Corp.*, 860 F.2d 1275, 1289 (5th Cir. 1988). But those decisions were using precisely the same language *Castleberry* used in discussing the fraud theory, *see Castleberry*,

Ledford does not contest that conclusion. She argues only that evidence of KRC's "[c]onsistent, gross undercapitalization" and "intentional[] emptying [of] bank accounts year after year," showed the Directors used KRC as a shell to shield them from liability. Specifically, Ledford relies on evidence that: (1) KRC never had liability insurance; (2) Joe Suttle recognized rodeos are dangerous; (3) KRC's "only asset [at the time of Suttle's deposition] was a checking account with less than $200"; (4) KRC consistently maintained a checking balance too low to compensate injured rodeo attendees; and (5) this was due to KRC's use of leftover revenue for rodeo upgrades and charitable donations. The Directors argue that the district court correctly found this evidence amounted to nothing more than evidence KRC was undercapitalized. We agree.[10]

Stripped to its essentials, Ledford's evidence shows only that the Directors did not purchase liability insurance, did not retain sufficient funds to compensate an injured spectator, and used leftover rodeo revenue for rodeo improvements and donations to other community organizations. As the district court found, this evidence is indistinguishable from evidence that KRC was undercapitalized. *See, e.g.*, *Ramirez*, 165 S.W.3d at 915 (company had substantial assets, significant revenue, and liability insurance, indicating adequate capitalization); *Durham*, 587 S.W.3d at 186 (treating failure to carry worker's compensation insurance as evidence of undercapitalization).

---

721 S.W.2d at 272 n.3, and, as noted, subsequent Texas intermediate courts have explained that *Castleberry* did not set up undercapitalization alone as sufficient for veil-piercing.

[10] The Directors also argue no authority exists for disregarding the corporate form of a non-profit like KRC. The district court suggested this argument was reasonable but did not rely on it. Because we agree Ledford's evidence is insufficient to support veil piercing, we need not decide whether veil-piercing may operate against a non-profit corporation, an open question under Texas law. *See* 20 Tex. Prac., Business Organizations § 25:14 (3d ed.) (noting no Texas law "directly address[es] veil piercing in the nonprofit corporation context," other than the district court's opinion in this case).

Ledford does use colorful rhetoric in trying to impose sinister motives on the Directors' conduct—for example accusing the Directors of "raid[ing]" KRC's bank account after every rodeo. But she does not even attempt to rebut the Directors' evidence that they did not form KRC to avoid liability, use it as a shell to avoid liability, or otherwise abuse the corporate form for their personal benefit.[11] And Ledford fails to present any additional evidence that might support her sham theory, *e.g.*, evidence showing the Directors used KRC to "perpetrate a fraud, evade an existing obligation, achieve or perpetrate a monopoly, circumvent a statute, protect a crime, or justify wrong." *Spring St. Partners*, 730 F.3d at 443 (emphasis removed) (quoting *SSP Partners*, 275 S.W.3d at 451); *see also Tigrett*, 580 S.W.2d at 382, 385–87 (requiring "additional compelling facts," such as president's transfer of company's assets to himself in violation of his fiduciary duty, to find constructive fraud); *SSP Partners*, 275 S.W.3d at 455 ("[E]vidence of abuse . . . is necessary before disregarding the existence of a corporation.").[12] Thus, we agree with the district court that Ledford's evidence amounts to nothing more than evidence of undercapitalization, which is insufficient standing alone to support a veil-piercing theory under Texas law.

---

[11] For instance, the Directors presented evidence that (a) they simply failed to anticipate the need to compensate an injured spectator; (b) Joe Suttle believed, based on his experience, that the stock contractor had liability insurance; and (c) their spending leftover funds on future rodeos, rodeo upgrades, and charitable donations was consistent with KRC's benevolent mission.

[12] *Cf. Nugent v. Estate of Ellickson*, 543 S.W.3d 243, 267 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (op. on reh'g) (reversing imposition of alter-ego liability in absence of evidence defendant used corporation to "engage in fraudulent conduct, avoid existing obligations, circumvent statutes, or the like" (citing *SSP Partners*, 275 S.W.3d at 455)); *Strobach v. WesTex Cmty. Credit Union*, 621 S.W.3d 856, 880 (Tex. App.—El Paso 2021, no pet.) (op. on reh'g) ("While . . . constructive fraud does not require evidence of wrongful intent, . . . it nevertheless requires evidence that the defendant breached some legal or equitable duty.").

## IV.

In sum, Ledford's veil-piercing theory fails and, along with it, any argument that the limitations clock against the Directors was tolled by her suing KRC. The district court's summary judgment is therefore

AFFIRMED.