# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2021

Lyle W. Cayce
Clerk

No. 20-50823

United States of America,

*Plaintiff—Appellee*,

*versus*

Arthur Dale Lothringer,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-373

Before Davis, Elrod, and Oldham, *Circuit Judges*.

Per Curiam:*

The question presented is whether Arthur Lothringer can be held personally liable for his corporation's failure to pay taxes. The district court said yes. We affirm.

Lothringer formed Pick-Ups, Inc., which ran used-car lots. Lothringer was the sole director, officer, and shareholder and had complete dominion

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50823

and control over Pick-Ups. The United States sued Lothringer, his wife Janet Lothringer, and Pick-Ups to collect federal taxes. The Government moved for summary judgment.

The district court made three relevant determinations—only one of which is challenged on appeal. First, the court determined that Pick-Ups owed $1,777,047.98 in federal taxes. Second, the court determined that Pick-Ups was Lothringer's alter ego. Third, the court awarded the Government the proceeds from the sale of Lothringer's properties and his cabin permit minus his wife's homestead interest. On appeal, Lothringer challenges only the second determination: that Pick-Ups was his alter ego. We reject that challenge.

Our review is de novo. *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019). The parties agree that Texas law applies. "Texas law permits courts to 'disregard the corporate fiction . . . when the corporate form has been used as part of a basically unfair device to achieve an inequitable result.'" *Ledford v. Keen*, 9 F.4th 335, 339 (5th Cir. 2021) (alteration in original) (quoting *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 454 (Tex. 2008)). Such a circumstance includes a corporation that is an alter ego of an individual. *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986). "Under Texas law, '[a]lter ego applies when there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice.'" *Bollore S.A. v. Imp. Warehouse, Inc.*, 448 F.3d 317, 325 (5th Cir. 2006) (alteration in original) (quoting *Castleberry*, 721 S.W.2d at 272). "An alter ego relationship may be shown from the *total* dealings of the corporation and the individual." *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990).

The district court applied Texas law and concluded there was no genuine issue of material fact and that the totality of the circumstances

established "such unity between [Pick-Ups] and [Lothringer] that the separateness of the corporation . . . ceased and holding only the corporation liable would result in injustice." *Castleberry*, 721 S.W.2d at 272. The court relied on a slew of undisputed facts, including that Lothringer was the sole shareholder, officer, director and owner of Pick-Ups; exercised complete dominion and control over Pick-Ups; failed to observe certain corporate formalities; loaned substantial money to Pick-Ups; and made payments from the corporate bank account to service personal loans.

We see no error in the district court's conclusion. Lothringer makes two arguments that warrant brief discussion. But we reject both.

First, Lothringer argues that the district court improperly relied on his failure to follow corporate formalities. This is because, Lothringer argues, *Castleberry* has been superseded by Texas statute. *See, e.g.*, TEX. BUS. ORGS. CODE ANN. § 21.223. As we have explained, "[t]he amendments overruled *Castleberry* to the extent that a failure to observe corporate formalities is no longer a factor in proving the alter ego theory *in contract claims*." *W. Horizontal Drilling, Inc. v. Jonnet Energy Corp.*, 11 F.3d 65, 68 (5th Cir. 1994) (Texas law) (emphasis added); *see also Flores v. Bodden*, 488 F. App'x 770, 776 n.3 (5th Cir. 2012) (per curiam); *Wilson v. Davis*, 305 S.W.3d 57, 68 n.5 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Lothringer has provided no support that tax collection should be treated like a contract claim and no persuasive reason to deviate from our precedent applying Texas law.

Second, Lothringer argues that the district court improperly granted summary judgment after acknowledging that some facts were disputed. But the court determined that those disputed facts were not material. And it is well-established that "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

No. 20-50823

We have considered Lothringer's other arguments and find them unpersuasive. For these reasons, and for substantially the same given in the district court's thorough opinion, we refuse to disturb the judgment.

AFFIRMED.