**Affirmed and Memorandum Opinion filed March 28, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00605-CV

## VICTOR PAUL HERNANDEZ, Appellant

## V.

## CUDCO SOLUTIONS, LLC; GREG MERECKA; AND JEFFERY MERECKA, Appellees

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-44107A**

## MEMORANDUM OPINION

The trial court granted the Rule 91a motion to dismiss filed by appellees Cudco Solutions, LLC ("Cudco"), Greg Merecka ("Greg"), and Jeffery Merecka ("Jeff"). *See* Tex. R. Civ. P. 91a.1. In a single issue on appeal, appellant Victor Paul Hernandez ("Hernandez") argues that the trial court erred by granting the motion to dismiss. We affirm.

# I. BACKGROUND

Hernandez alleges that on February 8, 2019, he was supervising the delivery of concrete and work supplies on the property of EZ Werks Self Storage, LLC ("EZ Werks"). According to his petition, while Hernandez was directing traffic he was "violently struck on the leg" by a vehicle driven by Julio Rios Ortega ("Ortega") and owned by Solid Rock Ready Mix, LLC ("Solid Rock"); the vehicle "drug [Hernandez] straight to the ground causing [him] to suffer severe, excruciating, and painful debilitating injuries."

The following timeline recounts the subsequent events relevant to this appeal:

- June 27, 2019 – Hernandez filed his original petition against Solid Rock. Hernandez's petition included a request for disclosure.

- May 4, 2020 – Hernandez filed an amended petition, adding Ortega and Gloria Zermeno—the alleged owner and manager of Solid Rock—as defendants.

- December 28, 2020 – Hernandez filed his fifth amended petition, adding EZ Werks as a defendant.[1]

- February 4, 2021 – EZ Werks was served.

- March 1, 2021 – EZ Werks filed an answer.

- April 21, 2021 – Hernandez filed his sixth amended petition, adding Cudco, Greg, and Jeff as defendants.

---

[1] The fifth amended petition included a request for disclosure to EZ Werks for "all the information in Rule 194.2(a) through (l)." However, EZ Werks' response was not due until fifty days after the date of service of the petition, which was after the two-year statute of limitations had expired.

2

In his sixth amended petition, Hernandez asserted various claims against the defendants, including premises liability, negligence, and gross negligence. Further, according to Hernandez, EZ Werks was an alter ego of Cudco because the two entities failed to observe corporate formalities, EZ Werks "signs contracts that involve exposure to any significant risk of liability, regardless of which corporation actually seeks or does the work," and EZ Werks was "inadequately capitalized."

Also in his sixth petition, Hernandez alleged that Greg and Jeff were the alter egos of EZ Werks. Hernandez averred that Greg and Jeff, who are brothers, were the only managers and serve as the only two members of EZ Werks, that EZ Werks was and is inadequately capitalized, and that EZ Werks' corporate form had been "used as part of an unfair device to achieve an inequitable result." Additionally, Hernandez asserted that Greg, individually, was the alter ego of Cudco because he was the sole manager and director of Cudco, Greg and Cudco did not maintain separate offices,[2] Cudco was inadequately capitalized, and Cudco's corporate form had also been used as part of an unfair device to achieve an inequitable result.

Hernandez additionally claimed that EZ Werks, Cudco, Greg, and Jeff were liable for the negligent acts of one another under the theory of joint enterprise because they had: "(1) either an express or implied agreement, (2) a common purpose of building and operating a successful self-storage location, (3) a community of pecuniary interest in that common purpose, and (4) an equal right to direct and control the enterprise."

On June 23, 2021, appellees filed a Rule 91a motion to dismiss, alleging that all of Hernandez's claims were barred by the statute of limitations because the

---

[2] Hernandez alleged that Cudco's office address is the same as Greg's personal residence.

claims were filed outside of the applicable two-year statute of limitations. Appellees also argued that the petition alleged insufficient facts to support appellant's alter ego and joint enterprise theories.

On July 8, 2021, Hernandez filed his seventh amended petition, adding the following allegations:

EZ Werks never responded to Hernandez's requests for disclosure, "which would have included other potential parties, such as Cudco Solutions, Greg Merecka, and Jeffery Merecka";

EZ Werks did not identify Cudco as a potential party until after the statute of limitations had expired; and

The appellees' actions were "fraudulent for statute of limitations purposes."

On July 11, 2021, Hernandez filed a response to appellees' motion to dismiss. In his response, Hernandez argued that dismissal was not appropriate under Rule 91a because his "petition and exhibits give fair notice of his alter ego liability and joint enterprise claims."

On August 18, 2021, the trial court granted the motion to dismiss and severed Hernandez's claims against appellees from the claims against the other defendants. Hernandez timely filed this appeal.

## II. ANALYSIS

In his sole issue on appeal, Hernandez argues that the trial court erred in granting appellees' motion to dismiss.

### A. STANDARD OF REVIEW

"Rule 91a allows a party to move to dismiss a cause of action on the ground that it has no basis in law or in fact." *Triple P.G. Sand Dev., LLC v. Nelson*, 651 S.W.3d 491, 495–96 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (quoting *San*

4

*Jacinto River Auth. v. Brocker*, No. 14-18-00517-CV, 2021 WL 5117889, at *3 (Tex. App.—Houston [14th Dist.] Nov. 4, 2021, no pet.)); *see* Tex. R. Civ. P. 91a.1. Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a.1. "In ruling on a Rule 91a motion to dismiss, a court may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers Tex. Cty. Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding) (quoting Tex. R. Civ. P. 91a.6). However, "[i]n deciding a Rule 91a motion, a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020).

We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law, and the rule's factual-plausibility standard is akin to a legal-sufficiency review. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724–25 (Tex. 2016) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75–76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)). In conducting our review, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine whether the cause of action has a basis in law or fact. *See Nelson*, 651 S.W.3d at 495–96; *Sanchez v. Striever*, 614 S.W.3d 233, 239 (Tex. App.—Houston [14th Dist.] 2020, no pet.). However, while Rule 91a limits a court's factual inquiry to the plaintiff's pleadings, it "does not so limit the court's legal inquiry. In deciding a Rule 91a motion, a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an

affirmative defense is properly before the court." *Bethel*, 595 S.W.3d at 656.

## B. Application

According to Hernandez, the trial court erred in granting appellees' motion to dismiss because the facts alleged in his live petition demonstrated that the statute of limitations had been tolled.

Hernandez does not dispute that he was aware of his injury on February 8, 2019, nor does he dispute that he did not add appellees Cudco, Greg, and Jeff to the suit until April 21, 2021. Thus, unless some tolling principle applies, Hernandez's claims against appellees are barred by the two-year statute of limitations applicable to personal injury claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003. Hernandez argues that he alleged sufficient facts to invoke the tolling principles of alter ego, joint enterprise, and fraudulent concealment.

### 1. Fraudulent Concealment

Hernandez first argues that the statute of limitations was tolled due to fraudulent concealment. In his petition, he alleged that appellees actions were "fraudulent for statute of limitations purposes."

Concerning the tolling effect of fraudulent concealment, the Supreme Court of Texas has held that "if the plaintiff has 'actual knowledge . . . of injury-causing conduct,' then this 'starts the clock on the limitations period' '[i]rrespective of the potential effect of fraudulent concealment.'" *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 59 (Tex. 2015) (quoting *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 209 (Tex. 2011)). The Supreme Court of Texas has additionally affirmed that "whether the discovery rule applies turns on whether the injured person is aware that she has an injury; and . . . [i]t does not turn on whether the injured person *knows the exact identity of the tortfeasor* or all of the

ways in which the tortfeasor was at fault in causing the injury." *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018) (per curiam) (emphasis added); *see also In re Springs Condominiums, L.L.C.*, No. 03-21-00493-CV, 2021 WL 5814292, at *3 (Tex. App.—Austin Dec. 8, 2021, orig. proceeding) (mem. op.) (observing that even if the plaintiff had raised some issue "affecting the running of limitations, such as tolling or the discovery rule," such principles would be inapplicable and plaintiff's claims would be barred by limitations because the discovery rule does not turn on whether the injured person knows the exact identity of the tortfeasor); *Smith v. Myers*, No. 09-98-481CV, 1999 WL 193433, at *1 (Tex. App.—Beaumont Apr. 8, 1999, no pet.) ("The fraudulent concealment doctrine . . . does not toll the statute of limitations to allow a plaintiff to search for the 'true' defendant.").

Based on the facts alleged by Hernandez, we conclude that here, the fraudulent concealment doctrine does not apply to toll the statute of limitations. *See Hooks*, 457 S.W.3d at 59.

### 2.     Alter Ego

Hernandez also argues that the alter ego principle tolled the statute of limitations as to appellees.

Alter ego is an equitable doctrine, "based on the same equitable considerations that allow for piercing the corporate veil, and its purpose is to prevent use of the corporate entity as a cloak for fraud or illegality or to work an injustice." *Draughon v. Johnson*, 631 S.W.3d 81, 93 n.12 (Tex. 2021) (internal citations and quotations omitted). "Generally, alter ego will not apply to disregard the corporate form absent exceptional circumstances." *Richard Nugent & CAO, Inc. v. Estate of Ellickson*, 543 S.W.3d 243, 266 (Tex. App.—Houston [14th Dist.] 2018, no pet.) Alter ego applies to pierce the corporate veil only "(1) where a

corporation is organized and operated as a mere tool or business conduit of another; and (2) there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation or individual liable would result in injustice." *Id.* (internal quotations omitted). The second element is particularly relevant in the present case because it requires a specific injustice:

> The second element examines whether the corporate form was employed for illegitimate purposes such that holding only the corporation or the individual liable would result in an injustice. The "injustice" that gives rise to an application of alter ego liability emanates from "the kinds of abuse . . . that the corporate structure should not shield—fraud, evasion of existing obligations, circumvention of statutes, monopolization, criminal conduct, and the like."

*Id.* at 266–67 (quoting *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 455 (Tex. 2008)).

Appellees rely on *Matlock v. McCormick*, 948 S.W.2d 308, 311 (Tex. App.—San Antonio 1997, no writ) for the proposition that the alter ego tolling principle was not available to Hernandez in this case. Although *Matlock* is not binding, we note that it shares a similar fact pattern, and we consider the San Antonio Court's analysis to be insightful.

In *Matlock*, Karryn Matlock—a nightclub waitress—filed suit against Dallas Nightclub—her employer—and Payroll Services Corporation d/b/a Associated Club Management ("ACM")—the corporation that managed the Dallas Nightclub—for various tort claims, including slander, invasion of privacy, and intentional infliction of emotional distress, related to her termination. *Id.* at 309. More than two years after she was fired, she added two defendants to the suit: John McCormick ("McCormick"), individually and as an alter ego of Dallas Nightclub,

8

and Tina Wheeldon ("Wheeldon"), individually and as an alter ego of ACM. *Id.* at 310. The trial court granted McCormick's and Wheeldon's motion for summary judgment on the basis of limitations. *Id.* 309–10. On appeal, Matlock argued that application of the discovery rule and the fraudulent concealment doctrine precluded summary judgment on limitations. However, the San Antonio Court of Appeals rejected her argument:

> Simply stated, Matlock tries to invoke the tolling provisions of the discovery rule and the fraudulent concealment doctrine because she was unable to discover within the limitations period that Wheeldon and McCormick are the alter egos of ACM and Dallas Nightclub. While we recognize the difficulties litigants may encounter when trying to unravel a confusing web of corporate structures shielding a defendant, we are unaware of any legal doctrine which tolls limitations while the search continues for the "true" defendant. In the instant case, whether Wheeldon and McCormick are alter egos engaged in fraudulent transfers of corporate assets is a relevant issue only after Matlock proves her causes of action against AMC. That Matlock was unaware of the possibility of pursuing McCormick and Wheeldon, individually and as alter egos, does not prevent the running of the limitations period on her underlying causes of action since she knew of her injuries and causes of action.

*Id.* at 311–12.

Hernandez attempts to distinguish his case from *Matlock*, asserting that a "suit against a corporation tolls limitations as to the alter ego of the corporation." *Matthews Const. Co., Inc. v. Rosen*, 796 S.W.2d 692, 693 (Tex. 1990); *West v. Eller*, No. 01-96-01044-CV, 1998 WL 608330, at *4 (Tex. App.—Houston [1st Dist.] Aug. 27, 1998, no pet.) (not designated for publication) ("In general, a suit against a corporation tolls limitations as to the alter ego of the corporation."). We recognize that alter ego is an equitable doctrine, "based on the same equitable considerations that allow for piercing the corporate veil, and its purpose is to prevent use of the corporate entity as a cloak for fraud or illegality or to work an

injustice." *Draughon*, 631 S.W.3d at 93 n.12. Here, as in *Matlock*, whether the alter ego theory applies is only relevant after his causes of action are proved against appellees.

Hernandez relies on *Matthews Constr.*, 796 S.W.2d at 692 in support of his argument that equitable principles, such as alter ego, can toll the statute of limitations. In *Matthews*, the plaintiff secured a judgment against a corporation, but the plaintiff could not collect on the judgment because the president of the corporation stripped the corporation of all its assets to avoid paying the judgment. *Id.* The supreme court used equitable principles to toll limitations against the president—as an alter ego of the corporation—and allowed the plaintiff to collect judgment on the timely-named corporation because the president had used the corporate entity as a sham to visit an injustice on the plaintiff by stripping the corporation of its assets in an attempt to avoid paying the judgment. *Id.*

While Hernandez has generally asserted that the appellees' corporate structure was "used as part of an unfair device to achieve an inequitable result," Hernandez has not provided any facts supporting this assertion, nor has he alleged facts demonstrating that appellees committed any of the kinds of abuse that the corporate structure should not shield. *See Richard Nugent*, 543 S.W.3d at 266–67. Hernandez does not assert that the appellees used the alleged alter egos for the type of activity contemplated by *SSP Partners*, i.e., monopolization, evasion of existing obligations, to avoid paying a judgment, criminal conduct, and the like. *See id.*

More specifically, regarding the first element of alter ego, Hernandez alleged numerous facts that might support a finding that the Greg and Jeff did not follow corporate formalities and thus the corporate entities were organized and operated as mere business conduits of one another, but Hernandez has not alleged sufficient facts to support the second element of alter ego. The only real injustice

10

that Hernandez refers to is the fact that EZ Werks and Cudco are "inadequately capitalized." However, Texas courts of appeal have rejected the theory that, "undercapitalization, by itself and without reference to any other factors, is sufficient to justify piercing the corporate veil." *Ramirez v. Hariri*, 165 S.W.3d 912, 916 (Tex. App.—Dallas 2005, no pet.); *see Durham v. Accardi*, 587 S.W.3d 179, 186 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (holding undercapitalization alone is "insufficient to establish alter ego"); *Endsley Elec., Inc. v. Altech, Inc.*, 378 S.W.3d 15, 26 (Tex. App.—Texarkana 2012, no pet.) (noting "undercapitalization can be a factor in determining whether an individual is the alter ego of the corporation, but alone is insufficient"); *Tigrett v. Pointer*, 580 S.W.2d 375 (Tex. Civ. App.—Dallas 1978, writ ref'd n.r.e.) (same); *see also Ledford v. Keen*, 9 F.4th 335, 340 (5th Cir. 2021) (concluding—while making an *Erie* guess—that "under Texas law, undercapitalization alone would not be sufficient to pierce the corporate veil").

Based on the facts alleged by Hernandez, we conclude that the equitable principle of alter ego does not apply to toll the statute of limitations. *See Hooks*, 457 S.W.3d at 59.

### 3. Joint Enterprise

Hernandez acknowledges that Supreme Court of Texas has not recognized joint enterprise theory as an equitable principle that serves to toll statutes of limitations. *See Draughon*, 631 S.W.3d at 93 (mentioning other equitable principles that can toll statutes of limitations, such as alter ego and fraudulent concealment, but making no reference to joint enterprise). Additionally, Hernandez has not cited, and we have not found, authority to support the proposition that joint enterprise theory can toll the statute of limitations. Nevertheless, Hernandez argues that it is "illogical to assume that a joint tortfeasor can claim that a plaintiff's claim

11

against him is barred by limitations when his fellow tortfeasor has been timely sued for the plaintiff's claims related to the joint enterprise." We disagree with Hernandez.

In *Draughon*, the Supreme Court of Texas noted that "[m]any of the defensive issues that avoid limitations even though it has run are equitable in nature and appear in Rules 93 and 94 [of the Texas Rules of Civil Procedure]." *Id.* at 92. The supreme court observed that fraudulent concealment and alter ego—both of which are "rooted in fraud"—are two examples of equitable defensive issues that can toll a statute of limitations. Another equitable principle that can toll limitations is estoppel. *Id.* at 93. Joint enterprise, however, is not an equitable principle; rather, it is a theory of finding and imposing liability. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000). We reject Hernandez's argument that alleging joint enterprise tolled the statute of limitations.

In summary, based on the facts alleged in Hernandez's live petition, the court below correctly concluded that Hernandez's claims were barred by the statute of limitations. *Bethel*, 595 S.W.3d at 658. Accordingly, we conclude the trial court did not err in dismissing Hernandez's claims against Cudco, Greg, and Jeff. *See Sanchez*, 494 S.W.3d at 724–25. We overrule Hernandez's sole issue.

### III.   CONCLUSION

We affirm the judgment of the trial court.


/s/    Margaret "Meg" Poissant
       Justice


Panel consists of Justices Zimmerer, Spain, and Poissant.

12