# IN THE SUPREME COURT OF TEXAS

═══════════

No. 17-0231

═══════════

SCHLUMBERGER TECHNOLOGY CORPORATION, PETITIONER,

v.

MICHAEL PASKO AND PEGGY PASKO, RESPONDENTS

═══════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS

═══════════════════════════════

## PER CURIAM

This appeal concerns application of the statute of limitations in a personal injury case. Michael Pasko was injured when he was exposed to and burned by caustic chemicals while working at an oil well site. Less than two years later, Pasko sued several defendants because of his injuries. He joined Schlumberger Technology Corporation as a defendant more than two years after he was injured, but less than two years after he was diagnosed with cancer that he attributed to the chemical exposure. In response to Schlumberger's motion for summary judgment based on limitations, Pasko urged that he sued Schlumberger timely because his cancer was inherently undiscoverable and that his cause of action did not accrue until he discovered the cancer. The trial court granted Schlumberger's motion for summary judgment. The court of appeals applied the discovery rule and reversed, concluding that Pasko raised a genuine issue of material fact about whether he knew or should have known the nature of his injury before his cancer diagnosis. Because the court of appeals erred in applying the discovery rule, we reverse its judgment and reinstate that of the trial court.

Pasko was employed by JC Fodale Energy Services, LLC, a contractor on the location where an oil well was being drilled. Schlumberger was also a contractor at the well site. Pasko alleges that on May 6, 2013, a Schlumberger employee instructed him to clean up a spill of fracking liquid backflow but did not provide him with protective equipment. Pasko alleges that the liquid contained toxic fracking chemicals, including a substance called "U028," and that during the course of his cleaning the spill, most of his body came into contact with the liquid. Pasko claims that the chemicals caused his skin to burn and that within hours, he was in severe pain. He was seen at several hospitals and finally received treatment in San Antonio. In the days immediately following the incident, Pasko's symptoms were severe enough that he claims to have feared for his life. On September 12, 2013, a little over four months after being exposed to the liquid, Pasko was diagnosed with squamous cell carcinoma cancer.

On May 5, 2015, Pasko sued several entities and individuals for causing his injuries, but he did not name Schlumberger as a defendant until he filed his first amended petition on August 13, 2015. In his first amended petition, Pasko alleged that Schlumberger negligently allowed the toxic chemical U028 to leak into the liquid he was asked to clean and that Schlumberger's employee negligently instructed him to clean the liquid without providing proper protective equipment or instructions. Pasko sought to recover from Schlumberger for the cancer—a "new injur[y] and illness"—which developed as a result of his exposure.

Schlumberger filed a motion for summary judgment, arguing that Pasko's claims against it were untimely under the two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Pasko filed a response to Schlumberger's motion as well as a second amended petition. In the

2

amended petition, he asserted that limitations were tolled by the discovery rule until at least August 6, 2015, which he alleged was the earliest date he could have known of Schlumberger's negligence. Pasko also alleged that his injuries were inherently undiscoverable and that his delay in suing Schlumberger was a result of several of the defendants' fraudulent concealment of information regarding the accident, including information about which entity had supplied the U028. Pasko attached several exhibits to his response. In its reply, Schlumberger requested the trial court to consider several of Pasko's exhibits as well as his second amended petition in support of its motion. The trial court granted Schlumberger's motion for summary judgment.

The court of appeals reversed and remanded. ___ S.W.3d ___ (Tex. App.—Corpus Christi 2016). As characterized by the court of appeals, Pasko made three arguments: (1) the trial court considered untimely evidence from Schlumberger; (2) Schlumberger did not disprove each element of the discovery rule; and (3) a genuine issue of material fact existed as to whether the statute of limitations was tolled by fraudulent concealment. *Id.* at ___. The appeals court addressed only the second argument because it was dispositive. *Id.* at ___. In addressing the discovery rule, the court discussed the accrual date for a "latent occupational disease" cause of action, which the court stated was not "until a plaintiff's symptoms manifest themselves to a degree or for a duration that would put a reasonable person on notice that he or she suffers from some injury and he or she knows, or in the exercise of reasonable diligence should have known, that the injury is likely work-related." *Id.* at ___ (quoting *Markwardt v. Tex. Indus., Inc.*, 325 S.W.3d 876, 887 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). The court concluded that Schlumberger had not proved that as a matter of law Pasko (1) knew or should have known as of May 6, 2013, that he suffered from a latent occupational

3

illness, and (2) was aware of Schlumberger's alleged wrongful conduct before he was diagnosed with cancer. *Id.* at ___.

Schlumberger argues that the court of appeals erred by applying the "latent occupational disease rule," which Schlumberger describes as an offshoot of the discovery rule. According to Schlumberger, a personal injury claim accrues when a claimant sustains a known, discernable injury, even if the injury is not "complete" and even if the alleged "complete" injury is not ascertainable until later. Thus, Schlumberger reasons, Pasko's entire claim against it accrued on May 6, 2013, and was barred by limitations when he joined Schlumberger as a defendant on August 13, 2015. Schlumberger claims that the court of appeals erred by applying the discovery rule to delay the accrual date because one of the discovery rule's threshold elements—an "inherently undiscoverable" injury—was not met. Schlumberger points out that not only did Pasko incur a known, acute injury on May 6, 2013, but his cancer was discovered well within the limitations period.

Pasko characterizes Schlumberger's arguments as an attempt to avoid its burden to produce evidence negating the discovery rule. According to Pasko, the court of appeals correctly held Schlumberger to its burden to prove as a matter of law that Pasko knew or, in the exercise of reasonable diligence, should have known of his cancer before August 15, 2013. Pasko further argues that it does not matter whether the court of appeals applied the discovery rule or the latent occupational disease rule because either would require Schlumberger to produce evidence negating it as a matter of law, which Schlumberger failed to do. Pasko also maintains the evidence supporting Schlumberger's motion is legally insufficient and that Schlumberger was not entitled to rely on the evidence attached to Pasko's response or his pleadings.

4

A trial court's decision to grant summary judgment is subject to de novo review. *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015). Courts review the record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). "Undisputed evidence may be conclusive of the absence of a material fact issue, but only if reasonable people could not differ in their conclusions as to that evidence." *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). A defendant moving for summary judgment on the affirmative defense of limitations bears the burden of conclusively establishing the elements of that defense. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). This includes conclusively establishing when the cause of action accrued. *Id.* In cases in which the plaintiff pleads the discovery rule, the defendant moving for summary judgment on limitations bears the additional burden of negating the rule. *See id.*; *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998). Defendants may do this by either conclusively establishing that (1) the discovery rule does not apply, or (2) if the rule applies, the summary judgment evidence negates it. *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223–24 (Tex. 1999).

Texas Civil Practice and Remedies Code section 16.003(a) mandates that suits for personal injury must be brought no later than two years after the day the cause of action accrues. Ordinarily, the legal injury rule dictates that accrual occurs when "a wrongful act causes a legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 721 (Tex. 2016). Absent some exception, such as the discovery rule, injuries that arise or develop after the legal injury are still

5

deemed to have accrued on the same date as the legal injury that caused them. *See Childs*, 974 S.W.2d at 36 ("In most cases, a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur."). However, to avoid the sometimes "shocking results" caused by application of the legal injury rule, an exception is recognized: the discovery rule. *See Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 457 (Tex. 1996). The discovery rule delays accrual until the plaintiff "knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). A related doctrine, the latent occupational disease rule, defers accrual until "a plaintiff's symptoms manifest themselves to a degree or for a duration that would put a reasonable person on notice that he or she suffers from some injury and he or she knows, or in the exercise of reasonable diligence should have known, that the injury is likely work-related." *Childs*, 974 S.W.2d at 40. Courts applying either the discovery rule or the latent occupational disease rule must determine when a plaintiff knew or, in the exercise of reasonable diligence, should have known she has been injured.

Here, the summary judgment evidence and the pleadings establish that (1) Pasko sustained severe burn injuries to his body when he came into contact with backflow liquids on May 6, 2013; (2) he knew immediately that he had been burned by the liquids and sought medical treatment; and (3) he knew that Schlumberger's employees assigned him to the cleanup job without providing protective equipment. Schlumberger established conclusively that pursuant to the legal injury rule, Pasko's cause of action accrued that day.

6

The court of appeals based its holding, in part, on Schlumberger's failure to offer evidence "suggest[ing] that Pasko was aware of Schlumberger's alleged wrongful conduct before he was diagnosed." ___ S.W.3d at ___. But whether the discovery rule applies turns on whether the injured person is aware that she has an injury and that it was likely caused by the wrongful acts of another. *See S.V.*, 933 S.W.2d at 4. It does not turn on whether the injured person knows the exact identity of the tortfeasor or all of the ways in which the tortfeasor was at fault in causing the injury. *See Childs*, 974 S.W.2d at 40. Nor does it turn on when the full effects of the injury became known or developed. *See id.* at 41. In this case, Pasko knew he was injured by the fluids and that he had not been provided safety equipment to protect him from coming into contact with them. It does not matter, for purposes of when his cause of action accrued, that he did not develop, or learn that he had developed, cancer until four months later. *See ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 542–43 (Tex. 2017) ("[A] claim accrues when injury occurs, not afterward when the full extent of the injury is known."); *In re Jorden*, 249 S.W.3d 416, 422 (Tex. 2008) ("Texas law has never required that a plaintiff know all the essential facts before a cause of action exists. To the contrary, a cause of action accrues . . . when a claimant learns of an injury, even if the rest of the essential facts are unknown."); *see also Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 651 (Tex. 2000) (holding that under the "single action rule," providing plaintiffs with separate causes of action for separate diseases arising from a defendant's single breach would be "incompatible" with the Court's "transactional approach" for res judicata).

In reaching its conclusion, the court of appeals discussed the accrual of a cause of action where a latent occupational disease is involved. ___ S.W.3d at ___. It noted Pasko presented

7

evidence that he did not know his cancer—which the court termed a "latent disease"—was work related until months after the incident, and that Schlumberger failed to prove Pasko was aware of Schlumberger's alleged wrongful actions before his cancer was diagnosed. *Id.* at ___. We disagree that the latent occupational disease rule applies in this case. When we first announced the rule, we cabined in the circumstances under which it would apply: "Unlike traumatic injury cases, a plaintiff who suffers from a latent injury or disease typically does not and cannot immediately know about the injury or its cause because these injuries often do not manifest themselves for two or three decades following exposure to the hazardous substance." *Childs*, 974 S.W.2d at 38. As discussed above, Pasko's injuries are not of a latent type: he immediately knew that the fluids were burning him, even though the full effects of his exposure were not immediately known. Many injuries result in the injured person developing more extensive problems or diseases than are at first apparent. But those developmental types of problems or diseases do not move the injury into the category of a latent occupational disease. There was nothing latent about what was happening to Pasko or his injury. Accordingly, to the extent the court of appeals incorporated the latent occupational disease analysis into its decision, it erred.

Pasko also complains that the trial court improperly considered Pasko's own summary judgment evidence against him. Pasko argues that Schlumberger was not entitled to rely on his summary judgment evidence because Schlumberger did not serve it on Pasko at least twenty-one days prior to the hearing on Schlumberger's motion. *See* TEX. R. CIV. P. 166a(c) (requiring affidavits supporting a summary judgment motion to filed and served at least twenty-one days before the hearing on the motion). According to Pasko, Schlumberger was required to seek leave of court

8

to submit new evidence less than twenty-one days before the hearing, and to reset the hearing to no sooner than twenty-one days after it filed its reply relying on Pasko's evidence. We disagree. Rule 166a(c) plainly provides for the court to consider evidence in the record that is attached either to the motion or a response. *Wilson v. Burford*, 904 S.W.2d 628, 629 (Tex. 1995). Schlumberger was allowed to rely on, and the trial court could consider, the evidence and pleadings Pasko filed.

The court of appeals did not address Pasko's argument that the defendants' fraudulent concealment produced the delay in his bringing suit against Schlumberger. However, Pasko does not urge that the judgment of the court of appeals should be affirmed on that basis. Nor does he pray that if we reverse the court of appeals judgment, then we should remand the case to that court for it to consider the fraudulent concealment argument. Accordingly, we neither address the argument nor remand the case to the court of appeals for it to consider it.

We grant Schlumberger's petition for review. Without hearing oral argument, we reverse the court of appeals' judgment and reinstate that of the trial court. TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** April 13, 2018

9