In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00321-CV**
_____

**KINGWOOD COMMERCIAL PROPERTIES, LLC, Appellant**

**V.**

**NOVA CONSULTING GROUP, INC., Appellee**

On Appeal from the 410th District Court
Montgomery County, Texas
Trial Cause No. 18-02-01397-CV

**MEMORANDUM OPINION**

In this appeal, Kingwood Commercial Properties, LLC argues the trial court erred when it granted Nova Consulting Group, Inc.'s motion for summary judgment, which hinged on Nova's claim that Kingwood's claims were barred by the statute of limitations. We hold the trial court did not err by granting the motion, so we affirm.

1

Background

We limit our background discussion to the facts relevant to the dispositive issue in Kingwood's appeal. Here, the parties do not dispute that Kingwood bought two buildings from Colonnade Royal Forest Group, L.P. in September 2015. To finance the purchase, Kingwood's lender obtained an environmental, property condition, and engineering assessment from Nova regarding the property Kingwood wanted to purchase.

In July 2015, Nova provided Kingwood's lender with its report. Nova's report represents the building's roofs are in "Good" condition. The report also states that "Nova does not anticipate the need for significant roof replacement during the [next twelve years]." When the transaction to purchase the property closed, Kingwood reimbursed its lender for the expense Kingwood's lender incurred from hiring Nova to issue the report. Also, Kingwood alleged in its petition that it was an intended third-party beneficiary of Nova's report.[1]

On January 30, 2018, Kingwood sued Nova, alleging Kingwood relied on Nova's findings when purchasing the property at issue. Less than three months after

---

[1]Nova's motion for summary judgment disputes Kingwood's claim that it was an intended beneficiary of its report. And Nova's motion argued that Kingwood could not sue it for negligence on a breach of contract claim. We need not address these questions given our resolution of the statute of limitations defense, as Kingwood filed only a negligence claim.

the purchase, according to Nova's petition, the property "sustained substantial water damage from water penetrating the roof." Kingwood's petition also alleges Nova acted negligently by failing to properly assess the condition of the roofs at the facility that it purchased, and Nova's acts and omissions in reporting the condition of the property caused the damages Kingwood was seeking to recover in its suit.

In response to the suit, Nova moved for summary judgment. In part, Nova's motion argues the statute of limitations barred Kingwood's negligence claim.[2] Kingwood responded, and it supported the response it filed with three exhibits: (1) an affidavit by Greg Huff, its managing member; (2) a loan closure statement on the property, dated September 16, 2015; and (3) a letter Kingwood's attorney sent to Nova to inform it that Kingwood had relied on Nova's report about the condition of the roofs when it purchased the property. According to the affidavit Huff filed, in late January 2016, he reviewed Nova's inspection report but had not done so earlier because he "had been so consumed with learning the realities of owning and operating commercial real estate property (for the first time) and fixing the water damage, that [he] did not think about referring back to the initial . . . report." Huff

_____

[2]Nova's motion also argues it owes no legal duty to Kingwood based on Nova's common law negligence claim. It also argues that Kingwood is not a third-party beneficiary of the contract Nova signed with Kingwood's lender.

then states that in February 2017, he contacted an attorney, who sent Nova a "demand letter" and after that, Kingwood filed suit.

In July 2018, the trial court granted Nova's motion for summary judgment. The trial court did not provide the parties with any written findings to explain its ruling.[3] The order the trial court signed states "the Defendant's Motion for Summary Judgment is GRANTED as to the negligence claim asserted by Plaintiff which [is] the sole cause of action asserted by Plaintiff such that this Order disposes of all claims herein asserted." After the trial court signed the final judgment, Kingwood moved for a new trial. But the trial court denied that motion.

Kingwood pursed an appeal from the trial court's ruling. According to Kingwood's brief, the trial court erred in granting Nova's motion because Kingwood's cause of action did not accrue until February 2016, the date Huff first realized Kingwood had a "potential cause of action against [Nova]."[4]

---

[3] Kingwood has not complained about the trial court's inaction on its request for findings in its brief. That said, "a request for findings and conclusions following summary judgment can have no purpose, should not be filed, and if filed, should be ignored by the trial court[.]" *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441-42 (Tex. 1997).

[4] Kingwood does not argue that the four-year statute of limitations, which applies to contract actions, applies to its claim.

## Standard of Review

Appellate courts review rulings granting summary judgments under a de novo standard. To apply that standard, we review the appellate record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion."[5] When a trial court does not specify the grounds it relied on to grant the motion, we will affirm the ruling if any of the grounds asserted in the motion have merit.[6]

To prevail on a motion for summary judgment, Nova had the burden to either conclusively negate at least one element of Kingwood's negligence claim or to establish it had a right to prevail on an affirmative defense as a matter of law.[7] Once Nova did so, the trial court was required to grant the motion unless Kingwood produced enough evidence to defeat the grounds for summary judgment that Nova raised in its motion, including its claim that the statute of limitations barred Kingwood's claims.[8]

---

[5] *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

[6] *See Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

[7] Tex. R. Civ. P. 166a(c); *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003).

[8] *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).

Analysis

Nova's motion raises two grounds for summary judgment. One asserts the two-year statute of limitations bars Kingwood's claim alleging Nova committed acts or omissions that raise a fact issue showing it was negligent. The second asserts Nova owed Kingwood no legal duties because Nova is not a third-party beneficiary of the contract between Nova and Kingwood's lender. We need to address the issue challenging the trial court's ruling that limitation bars Kingwood's claims first because it is dispositive of Kingwood's appeal.[9]

Based on the arguments in the motions, we imply the trial court applied the two-year statute of limitations to bar Kingwood's claims.[10] Here, Kingwood has not argued that some other limitations period applies to its claims. Thus, to show it was entitled to summary judgment based on the two-year limitations period argued in the motion for summary judgment and response, Nova had to conclusively prove Kingwood's claims arose more than two years before Kingwood filed suit.[11] Also,

---

[9] *See* Tex. R. App. P. 47.1; *Lightning Oil Co.*, 520 S.W.3d at 45.

[10] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (providing the statute of limitations for negligence is two years).

[11] *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833-34 (Tex. 2018) ("A defendant moving for summary judgment on the affirmative defense of limitations bears the burden of conclusively establishing the elements of that defense. This includes conclusively establishing when the cause of action accrued.") (cleaned up).

6

since Kingwood alleged the discovery rule applied to its claims, Nova had to establish either that (1) the discovery rule did not apply, or that if it applied, (2) the summary judgment evidence established Kingwood should have, acting reasonably, discovered or actually discovered the roof was in a condition that required repairs more than two years before Kingwood sued.[12]

We will assume (without deciding) the discovery rule applies to Kingwood's claim. In its brief, Nova argues Kingwood's claim accrued no later than December 2015. Kingwood's evidence shows that by November 2015, the roofing company it hired told Kingwood the roof needed repairs and by December 2015, Kingwood began repairing the roof. The record shows Kingwood waited for more than two years after commencing the repairs to the damage caused by water penetrating its building's roof to file suit. In its brief, Kingwood does not dispute that in December 2015, it knew the roof needed repairs; instead, Kingwood suggests it did not discover it could sue Nova until February 2016, the date Kingwood's attorney informed Kingwood, through Huff, that Kingwood had a claim.

First, we must decide when Kingwood's claim accrued. Ordinarily, causes of action accrue when someone suffers a legal injury.[13] Thus, a cause of action accrues

---

[12] *See id.* at 834.
[13] *Id.*

when "a wrongful act causes a legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred."[14] Even so, there are exceptions to the legal injury rule. The discovery rule is the exception Kingwood relies on; but it delays the accrual date on a claim only until the injured party knew or in the exercise of reasonable diligence should have known that a wrongful act injuring it had occurred.

Even more, the discovery rule is a "very limited exception to statutes of limitations[.]"[15] It is available only "when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable."[16] And even when the discovery rule applies, the date a claim accrues "does not linger until a claimant learns of actual causes and possible cures."[17] Instead, "[o]nce a claimant learns of a wrongful injury, the statute of limitations begins to run even if the claimant does not yet know the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it."[18]

---

[14] *Id.* (cleaned up).

[15] *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001) (cleaned up).

[16] *Id.*

[17] *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93 (Tex. 2004).

[18] *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 207 (Tex. 2011) (cleaned up).

The summary judgment evidence shows Kingwood's claim for negligence accrued more than two years from the date it sued. For instance, Kingwood attached a certificate of merit to the original petition it used to launch the suit. The certificate of merit, signed by Javier Godoy (an engineer) states water entered Kingwood's building on October 30, 2015, which required Kingwood to repair severe damage to sections of the roof. Huff's affidavit reflects Kingwood obtained a quote to repair the property in November 2015 and the repairs began that December. Thus, the evidence shows Kingwood learned more than two years before it sued that water had penetrated its building's roof and the roof needed repairs.

Kingwood argues Huff's affidavit raises a fact issue about the date it first learned it had a legal claim. But in cases to which the discovery rule applies, a cause of action accrues, under Texas law, when the *fact* of the injury is known, not when the plaintiff first learns who is responsible for causing the injury. After all, the statute of limitations on negligence claims allows the injured party two years from the date it learns of the injury to figure out who to sue.[19]

We express no opinion about whether the discovery rule applies to this case. But even if and assuming that it does, Kingwood's pleadings and the summary judgment evidence shows Kingwood was aware the roof to its building had been

---

[19] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).

9

damaged more than two years before it sued.[20] Here, the evidence shows Kingwood knew Nova provided a report about the property's condition and knew of its injury more than two years before it sued Nova. We hold the trial court had no choice but to grant Nova's motion based on Nova's statute of limitations defense.[21]

## Conclusion

Because Nova established that Kingwood's claims accrued more than two years before Kingwood sued, we hold the statute of limitations bars Kingwood's claim for negligence. Given that conclusion, we need not address Kingwood's other argument, which suggests it is a third-party beneficiary of the contract between Nova and Kingwood's lender since Kingwood did not file any claims alleging Nova was liable to it based on any claims sounding in contract.[22] For these reasons, the trial court's judgment is

AFFIRMED.

---

[20] *See Emerald Oil,* 348 S.W.3d at 207 ("Once a claimant learns of a wrongful injury, the statute of limitations begins to run even if the claimant does not yet know the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it.") (cleaned up); *id.* at 209 ("Knowledge of injury initiates the accrual of the cause of action and triggers the putative claimant's duty to exercise reasonable diligence to investigate the problem, even if the claimant does not know the specific cause of the injury or the full extent of it.") (cleaned up).

[21] *See id.*

[22] *See* Tex. R. App. P. 47.1.

10

_____
HOLLIS HORTON
Justice

Submitted on January 28, 2020
Opinion Delivered April 30, 2020

Before McKeithen, C.J., Kreger and Horton, JJ.