**Affirmed and Memorandum Opinion filed March 24, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00704-CV

---

### JEFFREY LANE POWE, Appellant

### V.

### DOWDUPONT INC. D/B/A THE DOW CHEMICAL COMPANY, Appellee

---

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 101748-CV**

---

## M E M O R A N D U M   O P I N I O N

In this personal-injury case, the trial court granted the defendant's summary-judgment motion on the ground of limitations. On appeal, the plaintiff argues that the judgment must be reversed because his cause of action did not accrue until he was diagnosed with cancer. We affirm.

## I.

Welder Jeffrey Powe was exposed to radiation in May 2014 while working on premises owned by the Dow Chemical Company. He was diagnosed with cancer in July 2017, and in March 2019, he sued Dow under theories of negligence, negligence per se, and premises liability. Before Dow answered, Powe filed an amended petition, but he did not assert the discovery rule in either pleading. Dow raised the affirmative defense of limitations in its answer. Powe filed a second amended petition, and again did not raise the discovery rule. Dow answered the second amended petition and again asserted that the claims were barred by limitations.

Sixteen months after suit was filed, Dow moved for summary judgment on the ground that Powe's personal-injury claims are barred by the two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Dow pointed out in the motion that Powe had not pleaded the discovery rule. Powe responded that the discovery rule delayed the accrual of his causes of action until his cancer diagnosis in 2017, which was less than two years before he filed suit. Two days after filing his summary-judgment response, Powe filed a third amended petition pleading the discovery rule. Dow moved to strike the third amended petition, and at the same time, Dow filed a summary-judgment reply in which Dow argued that Powe could not avail himself of the discovery rule because he had not timely pleaded it. The trial court granted both Dow's motion to strike the amended pleading and its motion for summary judgment.

## II.

Powe raises a global point of error that summary judgment was improper. He argues that his cause of action did not accrue until he was diagnosed with cancer.

Powe suffered a legal injury when he was exposed to radiation on May 16, 2014, and sought treatment from an emergency room for flu-like symptoms several days later. But Powe filed suit nearly five years after his radiation exposure, and "[a]bsent some exception, such as the discovery rule, injuries that arise or develop after the legal injury are still deemed to have accrued on the same date as the legal injury that caused them." *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018) (per curiam). Moreover, a defendant moving for summary judgment on the affirmative defense of limitations has no burden to negate the discovery rule unless it has been pleaded or otherwise raised. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp*., 988 S.W.2d 746, 748 (Tex. 1999).

On appeal, Powe argues that the discovery rule applies, deferring the accrual of his cause of action until he was diagnosed with cancer in July 2017. Although Powe raised the discovery rule in his summary-judgment response, the trial court sustained Dow's objection that Powe had failed to plead it. Powe does not challenge the trial court's ruling sustaining this objection or the ruling striking his third amended petition, in which he first attempted to plead the discovery rule. Powe also does not contend that he raised the discovery rule in his live pleading, that is, his second amended petition. Because Powe failed to challenge the trial court's ruling that prevents us from considering the discovery rule, we cannot consider it as a ground for reversal.

Powe also argues cancer is a latent disease that tolls the limitations. However, medical records show that he went to the emergency room shortly after the incident and visited an oncologist in July of 2014 because he was worried about radiation poisoning. On this record, Powe has not established a latent disease under the limited rule as set out by the Supreme Court. *See Schlumberger* at 834–35.

**III**.

Among the evidence offered in support of its limitations defense, Dow included medical records recounting that Powe was exposed to radiation poisoning, and "[a]t that time" he was hospitalized for nine days for "what was subsequently diagnosed as acute radiation poisoning." On appeal, Powe reurges his trial-court objections that the exhibit references hearsay and that its references to earlier medical records violate the best-evidence rule.

To preserve objections to such defects of form, the complaining party must obtain a ruling on the objection. *See UT Health Sci. Ctr.-Houston v. Carver*, No. 01-16-01010-CV, 2018 WL 1473897, at *5 (Tex. App.—Houston [1st Dist.] Mar. 27, 2018, no pet.) (mem. op.). Because Powe failed to obtain rulings, these objections have not been preserved for review. *See* TEX. R. APP. P. 33.1(a).

**IV.**

Because Powe's appellate arguments do not present grounds for reversal, we affirm the trial court's judgment.

/s/     Tracy Christopher
            Chief Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

4