

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| HUNTLEY FORT GILL, ROBYN G. ATTAWAY and MIRIAM G. STIRN, | § | No. 08-20-00081-CV |
| | § | |
| Appellants, | | Appeal from the |
| | § | |
| v. | | 143rd District Court |
| | § | |
| DAVID HILL, Individually and d/b/a DOH OIL COMPANY, | | of Reeves County, Texas |
| | § | |
| | | (TC# 19-02-22804-CVR) |
| Appellees. | § | |

## CONCURRENCE

I concur in the Court's judgment. I write separately to further explain why the Appellants here carried the burden to submit some evidence of their claimed due process violation once the Appellees met their initial summary judgment burden for establishing the statute of limitations defense.

When a plaintiff files suit outside of the statute of limitations but alleges a reason for doing so, must the defendant disprove that asserted reason when pursuing a traditional motion for summary judgment on limitations? Or must the plaintiff submit some evidence to support the reason avoiding limitations in its response? Well, it depends. The Texas Supreme Court's latest writing on the question, *Draughon v. Johnson*, answered the question when the plaintiff claimed that his mental incapacity excused an untimely suit to set aside a deed. 631 S.W.3d 81, 85 (Tex.

2021). Section 16.001 of the Texas Civil Practice and Remedies Code tolls the limitations period "[i]f a person entitled to bring a personal action is under a legal disability"—defined as being under 18 years old or "of unsound mind." TEX.CIV.PRAC.& REM.CODE ANN. § 16.001(a), (b). If the plaintiff has pleaded the tolling provision, *Draughon* holds that a party advancing a statute of limitations defense through a traditional motion for summary judgment must conclusively negate that tolling provision's applicability. *Draughon*, 631 S.W.3d at 95. Stated otherwise, because the plaintiff alleged that he was of unsound mind, the defendant needed to affirmatively negate that contention to prevail on a traditional summary judgment motion based on limitations. The plaintiff carried no burden to prove his mental incapacity in response to the summary judgment motion.

And the *Draughon* court noted other situations that are similarly treated, such as when a party pleads the discovery rule. *Id.* at 89-90; *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018) ("In cases in which the plaintiff pleads the discovery rule, the defendant moving for summary judgment on limitations bears the additional burden of negating the rule."). The same is true for other tolling provisions. *Draughon*, 631 S.W.3d at 92. ("In sum, a plaintiff's assertion that the statute of limitations was tolled falls within the category of issues affecting the running of limitations on which the moving defendant bears the burden. To obtain traditional summary judgment on the ground that the limitations period expired before the plaintiff brought suit, the defendant must conclusively negate any tolling doctrines asserted.").

Conversely, the plaintiff carries the burden to present some evidence in its summary judgment response to support certain doctrines that avoid a statute of limitations defense. "[I]f the defendant carries that burden and conclusively establishes its [limitations] defense, the plaintiff can avoid summary judgment by raising a genuine issue of material fact on any equitable defense that its suit should not be barred even though the limitations period has run—such as fraudulent

2

concealment, estoppel, or diligent service." *Draughon*, 631 S.W.3d at 88-89, *citing Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017) (estoppel); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990) (lack of due diligence in service of process); *Nichols v. Smith*, 507 S.W.2d 518, 521 (Tex. 1974) (fraudulent concealment). The court describes these cases as falling into a second category called reasons to "avoid" limitations that are "independent of the defendant's conclusive showing that the limitations period expired." *Draughon*, 631 S.W.3d at 93-94.

In summary, the court reconciled these situations by writing the "defendant has the burden regarding any issues raised that affect the running of limitations, while the plaintiff has the burden to raise a fact issue of equitable defenses that defeat limitations even though it has run." *Draughon*, 631 S.W.3d at 88.

So where does the Appellants' lack-of-service-due-process claim fall? It is not like a tolling provision. The Tax Code has a statutory tolling provision, but that would have required Appellants to be paying the taxes, and so long as they did, their deed claim would have not accrued. *See* TEX.TAX CODE ANN. § 33.54(b). Appellants did not plead section 33.54(b) tolling in their petition. Instead, they allege that the 1999 tax suit judgment was void based on the lack of service on the record owners of the property. And that claim is unlike a tolling provision because under their theory of the case, the statute of limitations is not simply interrupted—it never applies. Traditional tolling may come to an end—that is, the plaintiff reaches the age of majority, or achieves a sound mind. TEX.CIV.PRAC.& REM.CODE ANN. § 16.001(a), (b). If a party was not served before a judgment was rendered, that fault can never be undone.

Nor is Appellants' limitations-avoidance claim like the discovery rule, which delays accrual until the plaintiff knew or in the exercise of reasonable diligence should have known of

the wrongful act and resulting injury. *Schlumberger*, 544 S.W.3d at 834. Appellants do not allege the discovery rule nor does their argument turn on when some person learned of the tax sale. Rather, it more resembles a confession and avoidance claim, as it admits that limitations have run, but they avoid its consequences due to lack of service. It is also a claim in equity, as it asks a court to overturn a judgment outside the confines of the tax statute and divest the Appellees of property that was purchased some nineteen years earlier in a facially proper tax sale.[1] And *Draughon* placed "equitable defenses that defeat limitations" into the category of defenses which require a plaintiff to present some evidence in response to the summary judgment. 631 S.W.3d at 88-89. Appellants' due process claim most neatly fits into that category. And as the majority notes, Appellants did not present any evidence to demonstrate their due process violation.[2] So while the due-process-lack-of-service claim could negate the statute of limitations, the procedural posture of the summary judgment record precludes our consideration of that argument.

With this additional explanation, I join the majority opinion.


JEFF ALLEY, Justice

August 30, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

---

[1] We describe a bill of review as an "equitable proceeding" that allows a court to set aside a judgment that is no longer subject to regular appeal. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). How much more so is a collateral attack on a judgment brought even after the time for filing an equitable bill of review.

[2] I recognize, of course, that at the time the summary judgment was heard, Appellants would have faced the argument that the kind of extrinsic evidence at issue here—public deed records—would have been inadmissible in a collateral attack. *See York v. State*, 373 S.W.3d 32, 41 (Tex. 2012). The Texas Supreme Court modified that rule in an appeal arising from the very same tax sale judgment that gives rise to this case. *Mitchell v. MAP Resources, Inc.*, No. 21-0124, 2022 WL 1509745, at *1 (Tex. May 13, 2022). I concede that the result here is harsh: the Appellants were not prescient enough to foresee the outcome of the *Mitchell* case and include their own deed records in their summary judgment response. But we cannot merely assume what those deed records may have shown, and further assume they would have provided the original taxing entities with a viable address for service of process.