# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1506

_____

Spencer Knapp and Elizabeth Ygartua

*Plaintiffs - Appellants*

v.

FAG Bearings, LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: November 15, 2022
Filed: June 5, 2023

_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Spencer Knapp suffers from multiple sclerosis. Nearly four years after his diagnosis, he and his wife sued FAG Bearings, LLC, alleging the company caused his condition by improperly disposing of trichloroethylene at a bearing

manufacturing facility near his childhood home in Missouri. The district court[1] entered summary judgment in favor of FAG Bearings after concluding the suit originated in Texas under Missouri's borrowing statute and was time-barred under Texas law. We affirm.

## I. Background

Knapp alleges he developed multiple sclerosis ("MS") as a result of his prenatal and childhood exposure to trichloroethylene ("TCE"). He claims the FAG Bearings facility near Silver Creek, Missouri, where he grew up, improperly disposed of TCE from approximately 1975 to 1981. When Knapp was a child, his parents participated in a class-action lawsuit against FAG Bearings related to the alleged contamination.

Knapp moved to Texas in 2013. In April 2017, he experienced increasing numbness that spread throughout his body, which prompted a trip to the emergency room in Texas. The following month, a neurologist in Texas diagnosed Knapp with MS.

In December 2017, while Knapp was in Texas, Knapp's brother emailed him an electronic link to an article. That article described a woman who grew up in Silver Creek and developed an autoimmune disease, potentially as a result of exposure to TCE. After reading the article, Knapp thought his childhood exposure to TCE "potentially" caused his MS. He also "found other articles that had described a correlation between TCE exposure and autoimmune disease development later in life." From Knapp's perspective, "it seemed logical" after reading these articles that his MS "may have been" caused by TCE. That same winter, because of the article his brother sent him, Knapp spoke with a family friend who was an attorney. Upon the friend's recommendation, Knapp soon retained another attorney to consider

---

[1]The Honorable Douglas Harpool, United States District Judge for the Western District of Missouri.

filing a lawsuit. In August 2018, Knapp received another email from his brother with the subject line "I think you should sue FAG bearings"; the email contained electronic links to more articles.

In November 2019, Dr. Norbert Belz evaluated Knapp in Missouri. The same day as the evaluation, Dr. Belz concluded Knapp's exposure to TCE caused his MS. This was the first time a doctor told Knapp there was a connection between his exposure to TCE and his MS.

In February 2021, Knapp and his wife sued FAG Bearings and other related entities in state court for damages under theories of negligence and strict liability.[2] After the case was removed to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, the district court dismissed the strict liability theory. Later, the district court entered summary judgment in favor of FAG Bearings. The district court concluded Knapp's remaining claim for negligence "originated" in Texas under Missouri's borrowing statute and was time-barred by Texas's two-year statute of limitations. Knapp timely appealed.

## II. Analysis

We review de novo a district court's grant of summary judgment on the basis that a claim is barred by the statute of limitations. *Spradling v. Hastings*, 912 F.3d 1114, 1119 (8th Cir. 2019). We view the facts in a light most favorable to the nonmovant. *Id.* A district "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[2]Only Knapp's claim against FAG Bearings is before us in this appeal.

-3-

## A. Missouri's Borrowing Statute

Knapp first argues the district court erred by concluding his claims "originated" in Texas under Missouri's borrowing statute. "A federal court sitting in diversity applies the statute-of-limitations rules of the forum." *Great Plains Tr. Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 992 (8th Cir. 2007). Missouri is the forum state, so Missouri's statute-of-limitations rules apply. We review de novo a district court's interpretation of state law while sitting in diversity. *Sports v. Top Rank, Inc.*, 954 F.3d 1142, 1146 (8th Cir. 2020).

The dispute centers on Missouri's borrowing statute, so we begin with the text. "Whenever a cause of action has been fully barred by the laws of the state . . . in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of [Missouri]." Mo. Rev. Stat. § 516.190. "The critical issue" under Missouri's borrowing statute "is determining where a cause of action originated." *Nettles v. Am. Tel. & Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995). Knapp argues his claim "originated" in Missouri, whereas FAG Bearings agrees with the district court that Knapp's claim "originated" in Texas.

The Supreme Court of Missouri has interpreted "originated" under Missouri's borrowing statute to mean "accrued." *Thompson v. Crawford*, 833 S.W.2d 868, 871 (Mo. banc 1992). Generally, a claim accrues when the damage "is sustained and is capable of ascertainment." Mo. Rev. Stat. § 516.100; *see also State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 324 (Mo. banc 2016) (applying Missouri Revised Statute § 516.100 to a negligence claim). "Capable of ascertainment" is an objective standard that is "determined by when the evidence was such to place a reasonably prudent person on notice of a potentially actionable injury." *Burdess v. Cottrell, Inc.*, 53 F.4th 442, 448 (8th Cir. 2022) (quoting *Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 583 (Mo. banc 2006)) (internal quotation marks omitted). In short, the standard is inquiry notice. *See Powel*, 197 S.W.3d at 578, 583.

The district court correctly held that Knapp's claim "originated" in Texas. In April 2017, Knapp experienced increasing numbness that spread throughout his body. The next month, he was diagnosed with MS. In December 2017, Knapp's brother emailed him a link to an article discussing a woman who developed an autoimmune disease after exposure to TCE in Silver Creek. As a result, Knapp thought his MS was "potentially" caused by his TCE exposure. All of these events occurred in Texas. At this point, in December 2017 at the latest, a reasonably prudent person would have been placed on notice of a potentially actionable injury. Our conclusion is more than theoretical: Knapp spoke with an attorney and was familiar with FAG Bearings' involvement in TCE litigation.

Knapp nonetheless insists his claim "originated" in Missouri. He highlights his meeting with Dr. Belz in Missouri in November 2019, arguing any connection between MS and TCE was "mere speculation" until Dr. Belz told him otherwise. Dr. Belz was the first doctor who told Knapp his MS was connected to his childhood exposure to TCE. Under Missouri law, however, the inquiry is not when a "plaintiff subjectively learned of the wrongful conduct and that it caused his or her injury." *Powel*, 197 S.W.3d at 584; *see also Bldg. Erection Servs., Inc. v. JLG, Inc.*, 376 F.3d 800, 803 (8th Cir. 2004) (rejecting an argument that the cause of action began to accrue under Missouri law when the plaintiff obtained "an expert's report addressing the potential cause of damage").[3] Instead, the standard is objective: the claim "originates" when a reasonably prudent person would have been on notice of a potentially actionable injury. *See Powel*, 197 S.W.3d at 583–85. Under this objective standard, as we have explained, a reasonably prudent person in Knapp's position would have been on notice of a potentially actionable injury in Texas no later than December 2017. And while Knapp points to the alleged wrongful conduct and his exposure to TCE in Missouri, Missouri law specifically precludes sole

---

[3]We disagree with Knapp's interpretation of *Elmore v. Owens-Illinois, Inc.*, 673 S.W.2d 434 (Mo. banc 1984), to the extent he uses it to urge us to apply a subjective standard. A subjective standard is irreconcilable with *Powel*.

reliance on "when the wrong is done" for the purpose of deciding the accrual date.[4] Mo. Rev. Stat. § 516.100; *Powel*, 197 S.W.3d at 581–82.

In sum, we conclude Knapp's claim "originated" in Texas. *See* Mo. Rev. Stat. § 516.190.

## B. Timeliness under Texas Law

Our inquiry does not end after determining where the claim "originated." Missouri's borrowing statute also asks whether a claim "has been fully barred by the laws of the state . . . in which it originated." Mo. Rev. Stat. § 516.190. If so, "said bar shall be a complete defense to any action thereon, brought in any of the courts of [Missouri]." *Id.* To decide whether a claim is fully barred by the law of the state in which the cause of action originated, we examine Texas law. *See Great Plains*, 492 F.3d at 993; *Nettles*, 55 F.3d at 1364.

Under Texas law, Knapp's negligence claim is subject to a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). And under Texas's legal injury rule, a claim generally accrues "when 'a wrongful act causes a legal injury[.]'" *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018) (quoting *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 721 (Tex. 2016)). Knapp, however, relies on the discovery rule, which is an exception to the legal injury rule. When applicable, "[t]he discovery rule delays accrual until the plaintiff 'knew or in the exercise of reasonable diligence should have known of the wrongful act and the resulting injury.'" *Id.* (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)).

Even assuming the discovery rule applies, Knapp's claim is untimely. Knapp proposes an accrual date of November 2019, which is when Dr. Belz made a connection between the MS diagnosis and exposure to TCE. But the inquiry under

---

[4]Knapp's argument that his claim did not "originate" in Texas because a Texas court does not have personal jurisdiction conflicts with our interpretation of Missouri law. *See Couzens v. Donohue*, 854 F.3d 508, 515–17 (8th Cir. 2017).

the discovery rule is objective, not subjective. *Berry v. Berry*, 646 S.W.3d 516, 524 (Tex. 2022). And "the discovery rule does not linger until a claimant learns of actual causes and possible cures." *Marcus & Millichap Real Est. Inv. Servs. of Nev., Inc. v. Triex Tex. Holdings, LLC*, 659 S.W.3d 456, 462 (Tex. 2023) (quoting *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93 (Tex. 2004)). Under these standards, an individual exercising reasonable diligence should have known of the wrongful act and resulting injury no later than December 2017. *See Schlumberger Tech.*, 544 S.W.3d at 834. Knapp filed his lawsuit in February 2021, so his negligence claim is barred by the two-year statute of limitations.[5] *See* Tex. Civ. Prac. & Rem. Code § 16.003(a).

Because Knapp's claim is barred by the laws of the state in which his claim "originated," that bar is "a complete defense" to this case brought in Missouri. *See* Mo. Rev. Stat. § 516.190. Thus, the district court properly awarded summary judgment in favor of FAG Bearings.

### III. Conclusion

We affirm the judgment of the district court.

_____

---

[5]Knapp argues 42 U.S.C. § 9658 applies. Under this federal statute, an action for personal injury "caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility" may be brought in accordance with the "federally required commencement date" if the state's limitations period is earlier. 42 U.S.C. § 9658(a)(1). However, December 2017 is the latest "date the plaintiff . . . reasonably should have known . . . that the personal injury . . . damages . . . were caused or contributed to by" TCE. *Id.* § 9658(b)(4)(A). Thus, under the plain language of the statute, Texas does not provide a commencement date that is earlier than the federal commencement date.