

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00120-CV

———————————————————

ANGIE SPARKS, Appellant

V.

SOUTHWIRE COMPANY, LLC AND UNITED RECREATION AND MOBILE
HOME CENTER, INC., D/B/A UNITED RV CENTER AND UNITED RV
FORT WORTH, Appellees

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-322296-20

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In 2015, Appellant Angie Sparks purchased a travel trailer and surge protector from Appellee United Recreation and Mobile Home Center, Inc. About a year later, a television in the trailer caught fire, and Sparks fell while rushing to the main breaker box to disconnect the trailer's electricity. Sparks pointed the finger at United and at the surge protector's manufacturer—Appellee Southwire Company, LLC—for causing the fire, selling her faulty products, and misrepresenting the products as defect-free. Seeking to recover for the personal injuries and property damage resulting from the fire, Sparks sued United and Southwire for breach of various implied warranties and violations of the Deceptive Trade Practices Act (DTPA). *See* Tex. Bus. & Com. Code Ann. § 17.50.

But Sparks did not file her lawsuit until December 2020—well beyond the statute of limitations—and both United and Southwire moved for summary judgment on that basis (among others). Because Sparks's claims are indeed time-barred, we will affirm the trial court's summary judgments.

## I. Background

Sparks's appeal turns on a handful of key dates and events:

- On September 11, 2015, United sold Sparks a travel trailer along with a Southwire external trailer surge protector.

- On December 19, 2016, a television in the trailer caught fire, and Sparks—who later recalled seeing "[t]he fuse panel box . . . lit up" and immediately realized that the fire "had to do with electrical issues"—rushed to the main breaker box

to turn off the power. As she ran down the steps of the trailer, Sparks fell and was injured.

- On December 13, 2018, Sparks sued the trailer's manufacturer (in a case not at issue here) for alleged electrical defects that she had claimed led to the fire and to her corresponding personal injuries and property damage.

- On December 18, 2020, Sparks filed the current lawsuit against United and Southwire for breaches of the implied warranties of merchantability, habitability, and fitness for a particular purpose,[1] and for violations of the DTPA.[2] Sparks pleaded that the trailer contained faulty wiring, that the surge protector did not work, and that the products were unconscionably misrepresented as defect-free.

United and Southwire moved for traditional summary judgment, each offering evidence of the above-listed dates (which were undisputed), and each arguing that Sparks's claims were time-barred—the warranty claims by a two-year or four-year limitations period and the DTPA claims by a two-year limitations period. Sparks responded by arguing that a 15-year limitations period applied to all of her claims

---

[1]Sparks's live petition was ambiguous regarding the intended target of her warranty claims. When Southwire moved for summary judgment on those warranty claims, Sparks clarified that she was not asserting breach of the implied warranty of habitability against Southwire, and she nonsuited that claim against Southwire. Sparks hinted that her other warranty claims were not asserted against Southwire either, but she did not expressly nonsuit those claims.

[2]In Sparks's appellate brief, she references a claim for breach of express warranty and alludes to a corresponding DTPA violation. But these claims were not pleaded in her live petition, and when United and Southwire noted as much in their summary judgment motions, Sparks did not object or disagree.

because she was seeking recovery for defective products.[3] The trial court granted United's and Southwire's summary judgment motions without specifying a basis for its rulings, and it ordered that Sparks take nothing.

## II. Discussion

In Sparks's dispositive appellate issue, she argues that the trial court could not have granted summary judgment on limitations grounds because (1) she filed her implied warranty claims within the four-year limitations period; and (2) United and Southwire failed to identify the date on which Sparks discovered the fire's cause, which, according to Sparks, was the date that her DTPA claims accrued.[4]

---

[3]Sparks appears to have been relying on the statute of repose for product liability claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.012(b); *Ford Motor Co. v. Parks*, 691 S.W.3d 475, 481 (Tex. 2024). She does not raise this argument on appeal.

[4]Sparks failed to adequately brief her issues. An appellant bears the burden of filing a brief that "enable[s] the court to decide the case" by summarizing the pertinent facts with "support[ive] . . . record references" and by presenting "a clear and concise argument for the contentions made, with appropriate citations . . . to the record." Tex. R. App. P. 38.1(g), (i), 38.9. Here, Sparks's statement of facts includes just four record citations, and the argument portion of her brief contains no record citations whatsoever.

The gaping omission of record citations is particularly problematic given Sparks's vague allusions to facts that have no clear basis in the record. For example, Sparks states that she "pleaded claims for breach of express . . . warranties," but no such claims are mentioned in her petition or her summary judgment responses. Elsewhere, she asserts that United "could not disclaim the implied warranties because it provided an express warranty"; however, she does not cite the alleged express warranty, and the record appears to indicate that United disclaimed any express warranties.

4

## A. Standard of Review

We review summary judgments de novo, viewing the evidence in the light most favorable to the nonmovant—Sparks—to determine whether United and Southwire established their right to judgment as a matter of law. *See Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Quinn v. State Farm Lloyds*, No. 02-22-00191-CV, 2023 WL 3749932, at *4 (Tex. App.—Fort Worth June 1, 2023, no pet.) (mem. op.). United and Southwire were entitled to traditional summary judgment on their limitations defenses if they conclusively established when Sparks's causes of action accrued and that the statute of limitations had run. *Erikson*, 590 S.W.3d at 563; *KPMG Peat Marwick*, 988 S.W.2d at 748; *see* Tex. R. Civ. P. 166a(b), (c).

---

Sparks's brief thus sends the court on a scavenger hunt to find and piece together the supportive portions of the record that she may or may not be referencing, and more often than not, her brief simply leaves us in a quandary as to what she means. *Cf. Perkins v. Hicks*, No. 02-19-00207-CV, 2020 WL 7393334, at *1 (Tex. App.—Fort Worth Dec. 17, 2020, no pet.) (per curiam) (mem. op.) ("As the reviewing court, we are not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument."). Such quandaries are precisely what the briefing rules exist to avoid. *See* Tex. R. App. P. 38.9.

Because Sparks failed to adequately brief her issues, we could affirm the trial court's judgment on that basis alone. *See Perkins*, 2020 WL 7393334, at *1 (holding appellant's inadequate briefing failed to preserve any error for review). Nonetheless, the Texas Supreme Court has encouraged us to "reach the merits of an appeal whenever reasonably possible," so we attempt to do so. *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 213–14 (Tex. 2020); *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162–63 (Tex. 2012).

Although a claim generally accrues "when facts giving rise to the cause of action come into existence, even if those facts are not discovered[] or the resulting injuries do not occur[] until later," accrual may be deferred if an exception applies. *Quinn*, 2023 WL 3749932, at *4. The discovery rule is one such exception; it defers a claim's accrual until the plaintiff discovers or reasonably should discover the wrongful act or injury. *Erikson*, 590 S.W.3d at 563; *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018); *Gonzales v. Sw. Olshan Found. Repair Co.*, 400 S.W.3d 52, 57–58 (Tex. 2013). Generally, when a cause of action accrues is a question of law. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003).

## B.     Breach of Implied Warranty Claims

Sparks first asserts—in an argument spanning just three sentences—that her implied warranty claims "w[ere] filed within the four[-]year limitation[s] period."

As an initial matter, Sparks's implied warranty claims are subject to either a two-year or a four-year limitations period depending on whether the claims sound in tort or in contract,[5] and Sparks provides no explanation for her application of the more generous, four-year deadline.[6] Tex. Bus. & Com. Code Ann. § 2.725; Tex. Civ.

---

[5]"The precise nature of the claim is ordinarily identified by examining the damages alleged: when the damages are purely economic, the claim sounds in contract; but a breach of implied warranty claim alleging damages for death or personal injury sounds in tort." *JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 705 (Tex. 2008) (internal citations omitted).

[6]Nor did Sparks provide an explanation to the trial court at the summary judgment stage.

Prac. & Rem. Code Ann. § 16.003(a); *see Nghiem v. Sajib*, 567 S.W.3d 718, 723–25 (Tex. 2019); *JCW Elecs.*, 257 S.W.3d at 704–05. Furthermore, even assuming this four-year deadline applies, it is unclear what accrual date Sparks is using to support her conclusory statement that she "filed within the four[-]year limitation[s] period."[7] Whatever accrual date Sparks is using, it is the wrong one.

Even if, as Sparks contends, the four-year limitations period applies to her implied warranty claims, because her claims accrued "when tender of delivery [wa]s made," she was required to file suit within four years of United's and Southwire's delivery of the faulty products on September 11, 2015. *See* Tex. Bus. & Com. Code Ann. § 2.725(b) (providing for accrual of claim for breach of warranty "when tender of delivery is made");[8] *see also Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 668 (Tex. 1999) (citing Section 2.725 as applicable limitations period for breach of implied warranty claim); *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 435 (Tex. 1997) (similar); *Tarrant Cnty. Hosp. Dist. v. GE Automation Servs., Inc.*, 156

---

[7]In a separate section of Sparks's brief, she references the four-year limitations period in a footnote and states that, under "the legal-injury rule," her warranty claims were not time-barred because "the date of filing suit was within four years of the date of the fire." But the footnote appears to focus on United's alleged breach of an express warranty. *See supra* notes 2, 4.

[8]Although the relevant statute defers the accrual date for a breach of warranty claim if the "warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance," Tex. Bus. & Com. Code Ann. § 2.725(b), that exception is inapplicable here, and Sparks does not contend otherwise.

S.W.3d 885, 891–95 (Tex. App.—Fort Worth 2005, no pet.) (similar). And it is undisputed that Sparks's December 18, 2020 lawsuit was not filed within four years of that date.

Sparks's implied warranty claims were thus time-barred, and the trial court did not err by granting United and Southwire summary judgment on that basis.

## C.    DTPA Claims

Sparks next contends that United and Southwire failed to carry their summary judgment burden to establish the accrual date for her DTPA claims. She reasons that the DTPA claims did not accrue until she learned that defects in the trailer and surge protector were the fire's cause, and she asserts that United and Southwire failed to offer evidence of that date. But once again, Sparks's argument misses the mark.

Generally, the DTPA requires a plaintiff to file suit "[(1)] within two years after the date on which the false, misleading, or deceptive act or practice occurred or [(2)] within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." Tex. Bus. & Com. Code Ann. § 17.565; *see Gonzales*, 400 S.W.3d at 57–58; *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex. 1990). Sparks relies on the latter option—a codified form of the discovery rule, *Gonzales*, 400 S.W.3d at 57–58—again selecting the four-year limitations deadline without explanation. But as with Sparks's challenge to her implied warranty claims, even if we assume the applicability of

8

Sparks's selected limitations deadline, the summary judgment evidence conclusively established that her DTPA claims were time-barred.[9]

Contrary to Sparks's contention, the discovery rule did not defer the date of accrual until she learned the precise cause of the fire. Rather, under the discovery rule, limitations began to run "[o]nce [she] learn[ed] of a wrongful injury, . . . even if [she] d[id] not yet know 'the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it.'" *Id.* (applying rule in DTPA case); *see KPMG Peat Marwick*, 988 S.W.2d at 749 (reiterating that "accrual occurs when the plaintiff knew or should have known of the wrongfully caused injury").

Here, the summary judgment evidence showed that, by Sparks's own account, the trailer and surge protector were represented as defect-free at the time of the 2015 sale; Sparks observed wiring issues in the trailer within days of purchasing it; the television caught fire in 2016; the surge protector did not trip to prevent the fire; and Sparks—immediately recognizing that the fire "had to do with electrical issues"— sought to remedy the situation by running to the main breaker box. This evidence

---

[9]Generally, a defendant seeking summary judgment on limitations grounds is required to negate the discovery rule only if the plaintiff pleaded or otherwise raised it. *See Schlumberger Tech. Corp.*, 544 S.W.3d at 834; *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006); *Quinn*, 2023 WL 3749932, at *4. Here, Sparks did not plead the discovery rule, nor did she raise it in her summary judgment responses. To the contrary, Southwire's summary judgment motion pointed out that Sparks had not invoked the discovery rule, and Sparks did not dispute that fact. But on appeal, Sparks relies on the discovery rule without explanation, implicitly assuming that a pleading was not required. Regardless, Sparks's DTPA claims were time-barred under the discovery rule anyway.

conclusively demonstrated that Sparks discovered her wrongful injury no later than the date of the fire—December 19, 2016—whether or not she was aware of the fire's exact cause, the party responsible for it, or "the specific nature of each of [United's or Southwire's] wrongful acts." *Gonzales*, 400 S.W.3d at 58 (holding that DTPA claim was time-barred because defendant's employee's comment on poor foundation work conclusively established that the plaintiff knew of the injury, even if the plaintiff was not aware of the cause of injury, the party responsible, or the specific wrongful acts). Sparks's DTPA claims were not filed until December 18, 2020, far more than two years after the 2016 fire.

Moreover, even if the fire itself had not been enough, Sparks's subsequent lawsuit against the trailer manufacturer left no doubt as to her awareness of her wrongful injury. In fact, Sparks's petition in that lawsuit demonstrated that she knew much more than was required for her DTPA claims' accrual; she was aware not only of her injury but also of the fire's alleged cause—a "voltage spike"—and of United's allegedly deceptive acts, i.e., its selling her a "defective and unsafe" trailer. *Cf. id.* (reiterating in DTPA case that accrual turns on discovery of wrongful injury "even if the claimant does not yet know the specific cause of the injury [or] the party responsible for it" (internal quotation marks omitted)). Despite this demonstrated knowledge, after suing the manufacturer on December 13, 2018, Sparks allowed more than two years to pass before she filed her DTPA claims against United and Southwire on December 18, 2020.

10

The summary judgment evidence thus established that Sparks's DTPA claims accrued more than two years before she filed suit, and the trial court did not err by granting summary judgment on that basis.[10]

We overrule Sparks's dispositive issue.

### III. Conclusion

Because United and Southwire conclusively established that Sparks's claims were time-barred, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a). Sparks's remaining appellate arguments are moot, and we need not address them. *See* Tex. R. App. P. 47.1.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: November 14, 2024

---

[10]Portions of Sparks's appellate brief appear to assert that United and Southwire were required to establish the accrual date with precision. They were not; United and Southwire were required to establish only that Sparks's DTPA claims accrued outside of the limitations period. *See Gonzales*, 400 S.W.3d at 58 & n.13 (holding that claims were time-barred when evidence showed that plaintiff learned of injury outside limitations period even though "[t]he record [wa]s not clear on what specific date").