# Supreme Court of Texas

No. 21-0913

Marcus & Millichap Real Estate Investment Services of Nevada, Inc.,

*Petitioner*,

v.

Triex Texas Holdings, LLC, and Bryan Weiner,

*Respondents*

On Petition for Review from the
Court of Appeals for the Seventh District of Texas

**PER CURIAM**

A cause of action for breach of fiduciary duty generally accrues, and limitations begins to run, when the claimant knows or should know of the wrongful injury. *See Berry v. Berry*, 646 S.W.3d 516, 525-26 (Tex. 2022). The court of appeals held that the discovery rule delays accrual and limitations until the claimant also knows of the wrongful acts and actors, without requiring the plaintiff to exercise reasonable diligence. 2021 WL 4318406 (Tex. App.—Amarillo Sept. 23, 2021). Because that holding conflicts with the established rule, and because respondents' actions for fraud and conspiracy are also barred by limitations, we

reverse the judgment of the court of appeals and reinstate the trial court's summary judgment for respondents.

In 2008, respondents Triex Texas Holdings, LLC and its owner, Bryan Weiner (together, Triex), bought a gas station in Lubbock from Hamilton Holdings, owned by Larry Taylor. Triex and Hamilton Holdings both retained Marcus & Millichap as their broker for the transaction. Marcus & Millichap's agent told Triex that dual representation by Marcus & Millichap would be beneficial because it would allow for greater disclosure of information about the property before the transaction. As part of the transaction, Triex leased the station back to its existing operator, Taylor Petroleum—also owned by Larry Taylor. Triex and Taylor Petroleum entered a twenty-year lease.

On December 1, 2012, Taylor Petroleum defaulted on the lease. A little over three years later, in February 2016, Triex sued Larry Taylor, Hamilton Holdings, Taylor Petroleum, and related parties for breach of contract, fraud, and related torts. Triex deposed Larry Taylor and Taylor Petroleum's President and Chief Financial Officer, Robert Dorris, in February 2017—one year after filing suit. Taylor's and Dorris's deposition testimony caused Triex to suspect that Marcus & Millichap misrepresented the sale to Triex by omitting key details about the nature of the lease and overvaluing the property in order to raise its commission. As a result, Triex added Marcus & Millichap to the lawsuit in March 2017—more than four years after Taylor Petroleum breached the lease and more than eight years after Marcus & Millichap brokered the sale. In its amended petition, Triex asserted claims for breach of fiduciary duty, fraud by nondisclosure, and conspiracy.

2

Marcus & Millichap moved for summary judgment, arguing that Triex's claims were time-barred. The trial court granted the motion and severed Triex's claims against Marcus & Millichap for appeal. Triex appealed, and the court of appeals remanded to allow Triex to amend its petition to plead the discovery rule. *Triex Tex. Holdings, LLC v. Marcus & Millichap Real Est. Inv. Servs. of Nev., Inc.*, No. 07-18-00077-CV, 2019 WL 1868793 (Tex. App.—Amarillo Apr. 25, 2019, no pet.). On remand, Triex amended its petition to plead the discovery rule, asserting that it was "unaware of the actions and omissions of [Marcus & Millichap] and had no reason to know or believe of [its] injuries until . . . February[] 2017." Marcus & Millichap again moved for summary judgment, arguing that the discovery rule did not save Triex's time-barred claims. The trial court again granted Marcus & Millichap's motion and dismissed all Triex's claims. Triex appealed.

Addressing only Triex's breach of fiduciary duty claim, the court of appeals reversed and remanded, concluding that a fact issue existed as to whether Triex "knew or should have known on [December 1, 2012,] that the injury was the result of wrongful acts committed by Marcus & Millichap." 2021 WL 4318406, at *4. It is undisputed that Triex knew it was injured in December 2012. The question before us is whether the discovery rule defers accrual of Triex's cause of action until it knew that Marcus & Millichap caused its injury. We hold that it does not.

We review summary judgments de novo. To be entitled to summary judgment on limitations grounds, Marcus & Millichap was required to "negate the discovery rule 'by either conclusively establishing that (1) the discovery rule does not apply, or (2) if the rule

3

applies, the summary judgment evidence negates it.'" *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021) (quoting *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018)).

Actions for breach of fiduciary duty are governed by a four-year statute of limitations.[1] TEX. CIV. PRAC. & REM. CODE § 16.004(a)(5). Generally, a claim accrues when the defendant's wrongful conduct causes the claimant to suffer a legal injury. *Am. Star Energy & Mins. Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015). This is true "even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). Triex alleges, *inter alia*, that Marcus & Millichap engineered the high sale price of the property, made false and misleading statements about Taylor Petroleum and the lease terms, and suppressed and misrepresented information about the property's valuation, including the historic rent, the lack of a franchise relationship, and the lack of guarantee of the lease. These alleged breaches occurred in 2007 and 2008, during the real estate transaction. But Triex sued Marcus & Millichap in 2017, well beyond the four-year limitations period. On

---

[1] Triex's claims for fraud and civil conspiracy also have a four-year limitations period. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4); *see Agar Corp. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019) (holding that "civil conspiracy . . . shares a limitations period with that of its underlying tort"). "Generally, in a case of fraud the statute of limitations does not commence to run until the fraud is discovered or until it might have been discovered by the exercise of reasonable diligence." *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997). Like its breach of fiduciary duty claim, Triex based its fraud claim on allegations that Marcus & Millichap failed to disclose certain information despite its duty to do so. Accordingly, we apply the same analysis to all three claims.

4

remand, Triex sought to save its claims by application of the discovery rule.

The discovery rule is a "narrow exception" to the legal injury rule that "defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Berry*, 646 S.W.3d at 524 (quoting *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)). It "applies when the injury is by its nature inherently undiscoverable." *Agar Corp.*, 580 S.W.3d at 139 (citing *Childs v. Haussecker*, 974 S.W.2d 31, 36-37 (Tex. 1998)). "An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *Berry*, 646 S.W.3d at 524 (quoting *S.V.*, 933 S.W.2d at 25). "The determination of whether an injury is inherently undiscoverable is made on a categorical basis rather than on the facts of the individual case." *Archer v. Tregellas*, 566 S.W.3d 281, 290 (Tex. 2018) (citing *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)). The question is whether the injury is "the type of injury that could be discovered through the exercise of reasonable diligence." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 66 (Tex. 2011) (citing *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734-35 (Tex. 2001)).

We have held that "in the fiduciary context, . . . the nature of the injury is presumed to be inherently undiscoverable" because "[f]iduciaries are presumed to possess superior knowledge." *Comput. Assocs.*, 918 S.W.2d at 456. So "[a] person to whom a fiduciary duty is owed may be unable to inquire into the fiduciary's actions or may be unaware of the need to do so." *Valdez v. Hollenbeck*, 465 S.W.3d 217,

5

231 (Tex. 2015). Accordingly, "even if inquiry is made, '[f]acts which might ordinarily require investigation likely may not excite suspicion where a fiduciary relationship is involved.'" *Id.* (quoting *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988)). Here the discovery rule applies, but it does not save Triex's claims. The rule applies because a fiduciary relationship existed,[2] and before Taylor Petroleum's breach, Triex was unaware of the need to inquire into its fiduciary's actions. *See S.V.*, 933 S.W.2d at 8 (explaining that the rationale for finding a fiduciary's misconduct to be inherently undiscoverable is that "a person to whom a fiduciary duty is owed is either unable to inquire into the fiduciary's actions or unaware of the need to do so").

When the discovery rule applies, the statute of limitations does not begin to run "until the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury." *Id.* at 4. We have stated this rule in slightly different ways. But last Term, we explained that this means the discovery rule defers accrual "until the claimant knew or should have known of facts that in the exercise of reasonable diligence would have led to the discovery of the wrongful act." *Berry*, 646 S.W.3d at 524 (quoting *Little*, 943 S.W.2d at 420). Or, in other words, accrual is deferred "until the plaintiff knew, or exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Id.* (quoting *Comput. Assocs.*, 918 S.W.2d at 455). Consistent throughout our cases is the requirement of reasonable

---

[2] Marcus & Millichap did not challenge the existence of a fiduciary relationship on appeal. It argues in this Court in a footnote that it was an intermediary, but it did not present this argument below and has therefore waived the issue.

6

diligence. We have also explained that "the discovery rule does not linger until a claimant learns of actual causes and possible cures." *PPG Indus., Inc. v. JMB/Hous. Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93 (Tex. 2004); *see also KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999). Nor does it defer accrual until the plaintiff knows "the specific nature of each wrongful act that may have caused the injury," *KPMG*, 988 S.W.2d at 749, or "the exact identity of the wrongdoer." *Childs*, 974 S.W.2d at 40; *see also PPG Indus.*, 146 S.W.3d at 93.

In 2012, Triex had actual knowledge of its injuries and became aware of the need to inquire into Marcus & Millichap's actions. The court of appeals concluded that "the evidence conclusively establishe[d] that appellants were aware that they had sustained an injury by December 1, 2012," the date Taylor Petroleum defaulted. 2021 WL 4318406, at *4. But it determined that a fact issue existed as to whether Triex "knew or should have known on [December 1, 2012,] that the injury was the result of wrongful acts committed by Marcus & Millichap." *Id.* The court of appeals came to this conclusion by "reliev[ing] [Triex] of the responsibility of diligent inquiry" because of its fiduciary relationship with Marcus & Millichap. *Id.* at *3. But as we reiterated last Term, "those owed a fiduciary duty are not altogether absolved of the usual obligation to use reasonable diligence to discover an injury." *Berry*, 646 S.W.3d at 526 (citing *Little*, 943 S.W.2d at 420); *see also Comput. Assocs.*, 918 S.W.2d at 456. Recognizing that "the presence of a fiduciary relationship can affect application of the discovery rule," we explained that "it remains the case that 'a person

7

owed a fiduciary duty has some responsibility to ascertain when an injury occurs.' '[W]hen the fact of misconduct becomes apparent it can no longer be ignored, regardless of the nature of the relationship.'" *Id.* (citations omitted) (quoting *Comput. Assocs.*, 918 S.W.2d at 456, then quoting *S.V.*, 933 S.W.2d at 8).

Had Triex exercised reasonable diligence, it would have discovered Marcus & Millichap's allegedly wrongful acts. *See Little*, 943 S.W.2d at 420. Part of Triex's claim against Marcus & Millichap is that it misrepresented that "this was a sure-fire and financially sound investment," and that "rent would be coming in every month without any issues or risk." When Taylor Petroleum defaulted on the lease, Triex "knew or should have known that something was amiss." *See Berry*, 646 S.W.3d at 525. Indeed, Weiner's affidavit in response to the summary judgment motion admitted that at the time of the breach, he knew Marcus & Millichap did a "poor job" of representing him. His awareness of his injury and of Marcus & Millichap's poor representation "obligated him to make further inquiry on his own if he wanted to preserve a timely claim." *Id.* Instead, Triex waited three years to sue the initial defendants, and an additional year to take depositions.

The court of appeals also relied on evidence it believed indicated that Marcus & Millichap obfuscated the type of injury and nature of the wrongdoing, concluding that the record "indicat[ed] that Marcus & Millichap actively misled [Triex] to believe that Taylor was the sole wrongdoer responsible for [Triex's] injury." 2021 WL 4318406, at *4. The court of appeals relied on our decision in *Computer Associates* for the proposition that "[c]laimants are to be given 'the benefit of deferring

8

the accrual of a cause of action in cases where the facts forming the basis of an injury were concealed.'" *Id.* (quoting *Comput. Assocs.*, 918 S.W.2d at 455). But in that case, we explained that although fraudulent concealment is "similar in effect" to the discovery rule, it is a different doctrine that exists for different reasons: "Unlike the discovery rule exception, deferral in the context of fraud or concealment resembles equitable estoppel. '[F]raudulent concealment estops the defendant from relying on the statute of limitations as an affirmative defense to [the] plaintiff's claim.'" *Comput. Assocs.*, 918 S.W.2d at 456 (alterations in original) (quoting *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983)); *see also Wagner & Brown*, 58 S.W.3d at 736 (distinguishing fraudulent concealment from the discovery rule); *Draughon*, 631 S.W.3d at 93 (collecting cases).

A plaintiff may rely on fraudulent concealment to avoid application of the statute of limitations when the defendant's limitations defense is established by the record as a matter of law. *Draughon*, 631 S.W.3d at 93. But it is then the plaintiff's "burden . . . to come forward with proof raising an issue of fact with respect to fraudulent concealment . . . [to] defeat [defendant's] right to a summary judgment." *Id.* (alterations in original) (quoting *Nichols v. Smith*, 507 S.W.2d 518, 521 (Tex. 1974)); *see also KPMG*, 988 S.W.2d at 749 ("[A] party asserting fraudulent concealment . . . has the burden to raise it in response to the summary judgment motion and to come forward with summary judgment evidence raising a fact issue on each element of the fraudulent concealment defense."). Triex did not plead fraudulent concealment, nor did it raise the issue in its response to Marcus & Millichap's amended

9

motion for summary judgment or at any point before the trial court or court of appeals. Moreover, the summary judgment evidence does not support the court of appeals' conclusion that Marcus & Millichap actively misled Triex. The only potential evidence of post-breach communication between Triex and Marcus & Millichap is Weiner's affidavit, which states that "based upon [his] conversations with [Marcus & Millichap's agent], [he] believed that Taylor Petroleum and Larry Jack Taylor were solely to blame for breaking agreements with [him] (and [his] company) and defrauding [him] by failing to disclose information or through partial disclosures of misleading information." If anything, this is further evidence that Triex was aware of a problem and should have made additional inquiries to preserve its claim. *See Berry*, 646 S.W.3d at 525.

Even if fraudulent concealment applied here, the doctrine "does not extend the limitations period indefinitely." *Valdez*, 465 S.W.3d at 230 (quoting *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011)). Instead, the limitations period is tolled only until "a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to the discovery of the concealed cause of action. Knowledge of such facts is in law equivalent to knowledge of the cause of action." *Id.* (citation omitted) (quoting *Borderlon*, 661 S.W.2d at 909). Here, for the reasons explained above, at the time Taylor Petroleum breached the lease, Triex learned of facts that, if pursued, would have led to the discovery of Marcus & Millichap's alleged misrepresentations.

10

Accordingly, without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the judgment of the court of appeals and reinstate the trial court's judgment dismissing all of Triex's claims against Marcus & Millichap.

**OPINION DELIVERED:** January 13, 2023